In the Matter of YOUNGSTOWN STEEL TANK COMPANY, an Ohio corporation, United Steel Service Inc., Warden Electric Inc., Decker Reichart Steel Co., Appellants.

Civ. A. No. 82–2111.
Bankruptcy No. 81–3363.

United States District Court,
W.D. Pennsylvania.

Feb. 17, 1983.

Michael A. Gallo, Youngstown, Ohio, for U.S. Steel Service, Warden Electric and Decker.

M. Bruce McCullough, Pittsburgh, Pa., for debtor Youngstown.

Hillard Kreimer, Pittsburgh, Pa., for Creditor's Committee of FSC.

William H. Walden, Hammond, Ind., for Albert and Eleanor Sanders.

Carter, Ledyard & Milburn, New York City, for U.S. Trust Co. of New York.

Stonecipher, Cunningham, Beard & Schmitt, Pittsburgh, Pa., for J.B. Kintner & Sons.

Dennis O'Brien, Pittsburgh, Pa., for Equimark Commercial Finance Co.

## MEMORANDUM AND ORDER

WEBER, District Judge.

Three general unsecured creditors bring this appeal of the Bankruptcy Court's approval of a compromise by which the assets of the debtor (Youngstown) were transferred to the appellee Equimark Commercial Finance Company (Equimark), a secured creditor in return for a waiver of the deficiency the appellee would otherwise have against this debtor.[1]

---

1. The Bankruptcy Court found that Equimark had a valid, duly perfected, prior security inter-

est in all the assets of Youngstown including a

█ The issue presently before the court is whether appellants' appeal is moot given their failure to obtain a stay pending appeal or to post a supersedeas bond.[2] This court has jurisdiction to inquire into its own jurisdiction which includes determination of the mootness of an appeal. *See, e.g. Greylock Glen Corp. v. Community Savings Bank,* 656 F.2d 1 at 3 (1st Cir.1981); *United States v. United Mine Workers,* 330 U.S. 258, 289–92, 67 S.Ct. 677, 693–95, 91 L.Ed. 884 (1947); *DeFunis v. Odegaard,* 416 U.S. 312, 94 S.Ct. 1704, 40 L.Ed.2d 164 (1974).

Since the Bankruptcy's Court's order, the parties effectuated the compromise and the assets of Youngstown were transferred to Equimark. Equimark claims the status of a good faith purchaser and has acted to collect, preserve, and liquidate the assets it purchased from Youngstown.

Bankruptcy Rule 805 sets forth the necessity of obtaining a stay pending appeal.
... Unless an order approving a sale of property or issuance of a certificate of indebtedness is stayed pending appeal, *the sale to a good faith purchaser or the issuance of a certificate to a good faith holder shall not be affected by the reversal or modification of such order on appeal,* whether or not the purchaser or holder knows of the pendency of the appeal. (emphasis added).

█ Likewise, as set forth in 11 U.S.C. § 363(m) the sale or lease of a debtor's property made to a purchaser in good faith, unless such sale or lease was stayed pending appeal, is not affected by the reversal or modification on appeal of an authorization of a sale made by a trustee. *In re Saco Local Development Corp.,* 19 B.R. 119, G.B. C.2d 262, 264 (Bkrtcy. 1st Cir.1982); *Greylock Glen Corp. v. Community Savings Bank,* 656 F.2d 1 (1st Cir.1981). Knowledge on the part of the purchaser of the pending appeal does not affect the application of the foregoing section.

The appellant argues that the appellee has mistakenly characterized the lower court proceedings as arising from a complaint for relief from stay. Appellant maintains that the court considered nothing more than an application for compromise. Appellant, in effect, argues that the safeguard of a stay, for the benefit of a good-faith purchaser, is not present when the setting is that of a compromise and the purchaser is a creditor and no harm results to the debtor's estate if the compromise is delayed. Appellant further argues that reported cases recognize instances where equity will override the interest in finality, which is the basis for Rule 805. *Greylock,* 650 F.2d at 4.

We do not agree that the nature of a compromise relieves the appellant from the requirements of Rule 805. Rule 805 expresses a policy that bankruptcy court orders and judgments in general should be accorded deference where "third parties rely upon them". 14 Collier on Bankruptcy, ¶ 11–6203 at 11–62–11 (1976). As for appellant's equitable claims, a party has been held to forsake those when it fails to seek a timely stay. *Metro Property Management v. Information Dialogues, Inc.* 662 F.2d 475, 477 (8th Cir.1981) (equities considered when appellant's stay application is before the court).

` █ This court must merely determine, therefore, whether the appellee was a good faith purchaser. A "good faith purchaser" is generally one who purchases assets for value, in good faith, and without knowledge of adverse claims. *In re Ferris,* 415 F.Supp. 33, 41 (W.D.Okl.1976). A voluntary transferee is considered a purchaser under 11 U.S.C. § 101(32).

The Bankruptcy Court found that the value of assets pledged to the appellee did not exceed $685,000 while the amount of Youngstown's debt to Equimark was approximately $1,760,000. *See* Bankruptcy Court Opinion, p. 2 (Gibson, J.).

duly recorded first mortgage on all the real property of Youngstown.

**2.** A bond serves to secure the prevailing party from potential losses resulting from the delay of an unsuccessful appeal. 13 Collier on Bankruptcy, ¶ 805.09 at 8–57 (1976).

The compromise in effect, constituted a waiver of this deficiency. The amount actually paid by Equimark far exceeded the value of the assets received. We find that appellee purchased debtor's assets for value. We further conclude that the participation of the appellee in the compromise was in good faith. Appellee had an obvious interest in securing some return on the debt owed them by Youngstown, and Youngstown was significantly benefited by the discharge of its debt to Equimark. The status of a good faith purchaser is not affected by appellee's knowledge of the appeal. *In re Dutch Inn of Orlando, Ltd.,* 614 F.2d 504 (5th Cir.1980).

The First Circuit considered an analagous situation in *Greylock Glen Corp.,* supra. In *Greylock,* a bank was held to be a good faith purchaser when it foreclosed on its mortgages and then bought the mortgaged property by bidding in its lien. The Court stated:

> We note at the outset that the fact that the bank was both the seller and purchaser of the property, and a party to the dismissed appeal does not affect its status under Rule 805. The rule does not distinguish between mortgage holders and other potential purchasers of encumbered property. It is designed to give priority to orders of the bankruptcy court that have not been stayed pending appeal. *E.g. In re Bleoufontaine, Inc.,* [634 F.2d 1383 (5th Cir.1981)] at 1389, n. 12; *In re Rock Industries Mach. Corp.,* 7th Cir., 1978, 572 F.2d 1195, 1199; 14 Collier on Bankruptcy ¶ 62.03 (14th ed. 1976). 656 F.2d at 4.

We find that the cases are clear that a creditor can also be a good faith purchaser. *Greylock,* supra. We believe that the satisfaction of indebtedness is a purchase for value and that appellant's failure to seek a stay divests this court of authority to disturb the compromise.