## In re LAKE PLACID COMPANY.

### KEY BANK N.A., as Trustee for Lake Placid Company, Appellant,

v.

### INTERNAL REVENUE SERVICE, et al., Appellees.

Civ. A. No. 85-0113-H.

Bankruptcy No. 5-84-00049.

United States District Court,
W.D. Virginia,
Harrisonburg Division.

Sept. 8, 1987.

Dale A. Davenport, Hoover, Hoover, Penrod & Davenport, Harrisonburg, Va., for plaintiff.

John E. Wetsel, Jr. and George W. Johnston, III, Winchester, Va., Joseph L. Fishman, New York City, Thomas E. Cabaniss, Norfolk, Va., John W. Sills, III, Staunton, Va., Francis G. Hertz, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., William B. Hopkins, Roanoke, Va., Douglas T. Stark and William L. Stables, Harrisonburg, Va., Robert M. Musselman, Charlottesville, Va., Ronald J. Briggs, Lake Placid, N.Y., and Anthony J. Carpinello, Hiscock & Barclay, Albany, N.Y., for defendants.

## MEMORANDUM OPINION

MICHAEL, District Judge.

This matter is before the court on appellee FSLIC's motion to dismiss appellant Key Bank's appeal of the order of the United States Bankruptcy Court for the Western District of Virginia, Harrisonburg Division, for entry of a 11 U.S.C. § 363 sale order. Debenture holders Mrs. Nettie Marie Jones (hereinafter "Jones") and the Lake Placid Education Foundation (hereinafter "LPEF") have moved to intervene in this appeal. This court has jurisdiction pursuant to 28 U.S.C. § 158.

*Background*

This case has such a Byzantine procedural history that for purposes of clarification, this court will attempt to set out the relevant facts and parties to this action. The present action is an appeal from the bankruptcy court's "sale order" pursuant to 11 U.S.C. § 363, allowing the sale of substantially all of the assets of the debtor, Lake Placid Company, to the FSLIC. Prior to the entry of the sale order, appellant Key Bank had initiated an adversary proceeding seeking to establish certain rights of the Series A & B 5% income debenture holders with regard to the assets of Lake Placid Company. The sale order specifically recognized that the sale of the Lake Placid Company assets to the FSLIC would be subject to any claims and liens directed against the Lake Placid Company assets established by Key Bank on behalf of the debenture holders in the adversary proceeding.

After the bankruptcy court's entry of the sale order, Key Bank requested a stay pending appeal of that order to this court. By order dated February 28, 1985, the bankruptcy court denied Key Bank's motion for a stay. A stay motion was also

denied by this court in its March 12, 1985, order. It is important to note, for purposes of this present motion, that Key Bank has never been granted a stay of the sale order, either by the bankruptcy court or this court.

On or about June 19, 1985, prior to the trial of the adversary proceeding, Key Bank moved to withdraw from and discontinue the adversary proceeding and its appeal of the sale order. Jones and LPEF opposed Key Bank's motion and moved to intervene in the adversary proceeding. By order dated August 15, 1985, the bankruptcy court denied the motion of Jones and LPEF to intervene and dismissed the adversary proceeding, with prejudice as to FSLIC. On August 4, 1986, this court entered an order affirming the bankruptcy court's decision to deny the petition of Jones and LPEF to intervene in the adversary proceeding and to dismiss the adversary proceeding with prejudice as to the FSLIC. On September 2, 1986, Jones and LPEF filed with the Fourth Circuit their notice of appeal of that order.

With regard to Key Bank's motion to dismiss its appeal of the sale order, the bankruptcy court ruled that such a matter must be directed to this court where the appeal was pending. That issue has yet to be decided and, in fact, Key Bank now wishes to withdraw its motion to dismiss its appeal of the sale order. Its most recent request is for this court to stay its ruling on the appeal pending the outcome of the Fourth Circuit decision pertaining to the debenture holders' intervention in the adversary proceeding. Finally, Jones and LPEF have submitted a June 22, 1987, motion to intervene in this present action in this court (the appeal of the sale order).

*Debenture Holders Motion to Intervene*

The principal matter before this court is FSLIC's motion to dismiss Key Bank's appeal of the § 363 sale order. Despite the debenture holder's assertion to the contrary, for purposes of the dismissal motion, it is not of consequence to determine whether the debenture holders are proper parties to this action. Whether the debenture holders are permitted to intervene or

not, the analysis concerning this dismissal action remains unchanged. However, for purposes of elucidation, this court will undertake an inquiry as to whether intervention on behalf of these holders is a proper course in this action.

By Trust Agreement dated November 1, 1977, Key Bank's predecessor undertook to act as Trustee for certain holders of debentures issued by the Lake Placid Company, a corporation organized and existing under the laws of the state of New York. The Trust Agreement set forth certain rights and duties of the respective parties. Specifically, Section 5.04 of the Agreement stated that in case of default by Lake Placid, the trustee may, in its discretion, and provided it is indemnified by the holders, take all steps necessary to protect and enforce the rights of the debenture holders. Further, Section 5.08 restricted the right of any debenture holder to institute any suit with respect to the debentures unless the holder(s) of at least twenty-five percent (25%) notified the trustee in writing of the desire to maintain such suit and the trustee refused to exercise its power to do so. In any event, if the holders wished the trustee to pursue a suit to enforce their rights, Section 5.08 required them to indemnify the trustee for all expenses and liabilities it incurred in enforcing the matter.

To this date, there has been an ongoing dispute between Key Bank, as trustee, and the debenture holders. That dispute arose over Key Bank's motion to withdraw its representation of the holders from the original adversary proceeding because of the holders' refusal to indemnify Key Bank for the expenses it had incurred in its efforts to protect the holders' interests. Following Key Bank's motion to withdraw, the debenture holders moved to intervene in the adversary proceeding. The bankruptcy court and, later, this court, denied the holders' motion as it was contrary to the clear and unambiguous intent of the Trust Agreement, as specifically set out in Sections 5.04 and 5.08. The debenture holders have appealed this court's order to the United States Court of Appeals for the Fourth Circuit, where it is now pending.

The debenture holders' original motion for intervention in the adversary proceeding should not be confused with their present motion to intervene in the appeal of the sale order. In the *former* action, the holders moved to intervene based on the premise that their interests would be prejudiced by Key Bank's request to withdraw from the adversary proceeding; thus, they believed their trustee and they themselves were working at cross-purposes. As mentioned *supra*, that motion was denied by this court because it was in contravention of the unambiguous intent expressed in the Trust Agreement.

The debenture holders' *present* motion seeks intervention in the appeal of the sale order. In the present motion, they assert, not that they are operating at cross-purposes with Key Bank, but that they are the real party in interest and if they are allowed to intervene Key Bank will, and it should be allowed to, drop out of this action. The holders do not assert that Key Bank is not adequately or properly representing their interest in this action. In fact, at oral argument, both Key Bank and the holders asserted identical positions—that this court should stay its decision concerning the appeal of the sale order pending the Fourth Circuit's decision regarding the holders' original request for intervention in the adversary proceeding. Against this backdrop, the court will now analyze the holders' present request for intervention.

Intervention in the federal courts is governed by Rule 24 of the Federal Rules of Civil Procedure. Rule 24 contemplates two distinct types of intervention; intervention as of right, and permissive intervention. For private parties, intervention as of right is reserved for those cases in which the party seeking intervention is not adequately represented by existing parties, claims an interest relating to the subject of the action, and is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest. Rule 24(a), Fed.R.Civ.P. By way of illustration the comment to Rule 24(a) offers:

The general purpose of original Rule 24(a)(2) was to entitle an absentee, purportedly represented by a party, to intervene in the action if he could establish with fair probability that the representation was inadequate. Thus, when an action is being prosecuted or defended by a trustee, a beneficiary of the trust should have a right to intervene if he can show that the trustee's representation of his interest probably is inadequate....

Permissive intervention is allowed when an applicant's claim or defense and the main action have a question of law or fact in common. "In exercising its discretion, the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Rule 24(b), Fed.R.Civ.P.

In this present action Key Bank and the debenture holders have advanced an identical "approach to the conduct of litigation." *See, United Guaranty Residential Insurance v. Philadelphia Savings Fund Society*, 819 F.2d 473 (4th Cir.1987), quoting, *Trbovich v. United Mine Workers*, 404 U.S. 528, 92 S.Ct. 630, 30 L.Ed.2d 686 (1972). Both Key Bank and the holders have requested this court to stay the decision on the appeal of the sale order pending the outcome of the Fourth Circuit's decision concerning the debenture holders' original intervention. Thus, we are not faced with a situation where the trustee is charged with representing multiple, distinct interests that have the potential of dictating a different approach to the conduct of the litigation, an approach not consistent with what the debenture holders may reasonably conclude to be in their best interest. *United Guaranty*, 819 F.2d at 475–76. What we are faced with in this matter is a trustee who, pursuant to the Trust Agreement, has discretion in protecting and enforcing the holders' interest, and has exercised that power by pursuing a course consistent with, and sensitive to, the desires of the holders it is entrusted to protect.

Given this, this court does not need to determine whether intervention as of right or permissive intervention is proper in this

case, for under either analysis the debenture holders' argument for intervention fails.

With respect to intervention as of right, the Trust Agreement specifically places in the hands of the trustee the right and responsibility to pursue enforcement of the holders' interests. Key Bank has done exactly that by pursuing this appeal and making its most recent motion for this court to stay that appeal until it has heard from the Fourth Circuit. But more importantly, by seeking a stay of this appeal, Key Bank has asserted an identical approach to the conduct of litigation as that requested by the holders. The holders have introduced no evidence which shows that the trustee's representation of the holders' interest "probably is inadequate." Rule 24(a), Fed. R.Civ.P. As one leading hornbook has noted,

> the most important factor in determining adequacy of representation is how the interests of the absentee compares with the interest of the present parties. If the interests of the absentee is not represented at all, or if all existing parties are adverse to him, then he is not adequately represented. If his interest is identical to that of one of the present parties, or if there is a party charged by law with representing his interest, then a compelling showing should be required to demonstrate why this representation is not adequate.

7c Wright, Miller & Kane, *Federal Practice and Procedure,* Civil Section, § 1909. Following the dictates of Rule 24(a), Fed.R. Civ.P., the holders have made no showing that their interest is not adequately represented by an existing party, here, Key Bank, Trustee, and Rule 24(a) is inapplicable.

With respect to the holders' request for permissive intervention, it is clear that the holders' interests and the principal action have a question of law or fact in common. However, it is within the court's discretion to allow, or disallow, the holders to intervene, and Rule 24(b)(2) expressly provides that in exercising its discretion the court is to consider "whether the intervention will

unduly delay or prejudice the adjudication of the rights of the original parties." Rule 24(b)(2), Fed.R.Civ.P.

In the usual case, the real danger in not permitting permissive intervention is that a party with a significant interest in the underlying litigation may be precluded from fully litigating its claim due to an adverse ruling on the merits. That danger is not present in this case. This court cannot emphasize enough that in this case, the holders and Key Bank entered into a Trust Agreement which empowered Key Bank as Trustee to protect and enforce the holders' rights and, importantly, both Key Bank and the holders are advancing identical interests. Therefore, no harm at this time will come to the holders if they are denied intervention in this action. Conversely, permitting intervention may well prolong an already protracted litigation period, add additional legal expenses to an already costly litigation process, and unduly burden the rights of FSLIC in a speedy determination of the action.

Accordingly, the debenture holders' motion for intervention in this present action shall be denied.

### FSLIC's Motion to Dismiss the Appeal of the Sale Order

The facts concerning the appeal of the sale order are fully set out in the background section of this opinion, *supra.* The pertinent facts for the disposition of this matter are: (1) by Order dated February 13, 1985, the bankruptcy court, pursuant to 11 U.S.C. § 363(f), authorized and directed the sale of all the Lake Placid Company assets to FSLIC, (2) by Order dated February 28, 1985, the bankruptcy court dismissed Key Bank's objection to the proposed sale order; and (3) Key Bank then sought a stay of the proposed sale in this court and by Order dated March 12, 1985, this court dismissed Key Bank's motion for a stay.

Given this, Key Bank's present appeal is moot because the sale was authorized under § 363(f) and Key Bank failed to obtain a stay of the sale. This result is required by 11 U.S.C. § 363(m) which states:

The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale ... of property does not affect the validity of a sale ... under such authorization to an entity that purchased ... such property in good faith, whether or not such entities knew of the pendency of the appeal, unless such authorization and such sale ... were stayed pending appeal.[1]

Although the Bankruptcy Code does not define "good faith purchaser," the Fourth Circuit has adopted the traditional equitable definition that has been adopted by various courts of appeal; "one who purchases the assets for value, in good faith, and without notice of adverse claim," *Willemain v. Kivitz*, 764 F.2d 1019, 1023 (4th Cir.1985). Key Bank has made no assertion that the FSLIC lacked good faith or failed to purchase for value. Further, as the language of § 363(m) reveals, FSLIC's knowledge of the pendency of Key Bank's appeal does not deprive the FSLIC of good faith purchaser status on the basis of knowledge of adverse claims. *Willemain*, 764 F.2d at 1024. Therefore, this court finds that the FSLIC was a good faith purchaser of the Lake Placid assets.

Turning to the stay requirement, that requirement is in furtherance of the policy of not only affording finality of the judgment of the bankruptcy court, but particularly, to giving finality to those orders and judgment upon which third parties rely. 14 *Collier on Bankruptcy*, § 11–62.03, at 11–62–11, 14th Ed.1977. Finality is important because it minimizes the chance that purchasers will be dragged into endless rounds of litigation to determine who has what rights in the property. Without the degree of finality provided by the stay requirement, purchasers are likely to demand a steep discount for investing in the property. *In re Sax*, 796 F.2d 994, 998 (7th Cir.1986).

Here, FSLIC has relied on the bankruptcy court's § 363 sale order. It has gone to great expense in maintaining the Lake

Placid property. The present litigation has had a serious impact upon its ability to dispose of that property. To ignore the stay requirement in this case would seriously prejudice FSLIC's property rights.

Finding that the FSLIC was a good faith purchaser under § 363(m) of the Bankruptcy Code and that Key Bank failed to secure a stay pending appeal, this court is compelled to find that Key Bank's appeal challenging the bankruptcy court's Order approving the sale of Lake Placid Company assets to FSLIC is moot. Accordingly, FSLIC's motion to dismiss the appeal of the sale order shall be granted.

An appropriate Order shall this day issue.

---

1. This court recognizes that the original sale order was authorized pursuant to § 363(f) and not § 363(b). § 363(f) is merely a subsection of § 363(b) and, for purposes of determining the question of mootness, that difference is irrelevant. Whether this sale is considered authorized under § 363(f) or (b) the mootness analysis remains unchanged.