INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA and its LOCAL 982, Appellants,

v.

MORSE TOOL, INC., Appellee,

MTI Holding Corporation, now known as Morse Tool, Inc., Intervenor–Appellee.

Civ. A. No. 87–1925–Z.

United States District Court, D. Massachusetts.

Jan. 7, 1988.

Donald J. Siegel, Segal, Roitman & Coleman, Boston, Mass., Michael B. Nicholson, Associate Gen. Counsel, Intern. Union, UAW, Detroit, Mich., for International Union UAU, and its Local 982.

Christopher W. Parker, Hinckley, Allen, Tobin & Silverstein, Boston, Mass., for debtor.

Mark N. Berman, Widett, Slater & Goldman, Boston, Mass., for appellee.

Ruah Donnelly Lahey, Bingham, Dana & Gould, Boston, Mass., for MTI.

## MEMORANDUM OF DECISION

ZOBEL, District Judge.

Appellants, United Automobile Workers of America and its Local 982 (collectively "the UAW"), challenge the confirmatory order of the Bankruptcy Court entered on June 15, 1987, approving the sale of assets by Morse Tool, Inc. ("the Debtor") to MTI Holding Corporation ("MTI") free and clear of collective-bargaining agreements between the Debtor and the UAW.[1] The UAW seeks reversal of the orders of the Bankruptcy Court so that the sale of the Debtor's assets to MTI would be subject to the collective-bargaining agreements between the UAW and the Debtor.

*Procedural History*

The Debtor filed a voluntary petition for reorganization under chapter 11 of the Bankruptcy Code on January 28, 1987. On May 18, 1987, it filed a Notice of Intent to Sell Assets pursuant to Section 363 of the Bankruptcy Code, free and clear of all encumbrances. MTI and Morse Acquisition Corporation ("MAC") filed offers to purchase the Debtor's assets, which included the Debtor's Super Tool Division in Elk Rapids, Michigan. The production and clerical employees of that plant were represented by the UAW and were covered by

---

1. The confirmatory order was amended on June 25, 1987 for reasons unrelated to matters raised in this appeal and the UAW filed a second notice of appeal from both the original and the amended order. This opinion disposes of both appeals.

two separate collective-bargaining agreements with a three-year term beginning in October 1984.

The UAW filed objections to the proposed sale of the Debtor's assets with the Bankruptcy Court. After a hearing, the Bankruptcy Judge on May 10, 1987 overruled the UAW's objections but did not approve the sale to either MAC or MTI. On May 29, 1987, the Debtor filed a second application requesting the Bankruptcy Court to approve a sale of assets to MTI. Again, the Notice of Intent to Sell and the underlying Asset Purchase Agreement specified that the sale be free and clear of all encumbrances, including collective-bargaining agreements. Again, the UAW filed objections and the Bankruptcy Court held a hearing on June 8, 1987. The Bankruptcy Court rejected the UAW's objections but this time it approved the sale. On June 15, 1987, it issued a confirmatory order approving the sale of assets to MTI free of encumbrances.

At no time after the Bankruptcy Court's decision on June 8, 1987 did the UAW request a stay pending appeal of the order approving sale or offer to post a supersedeas bond pending appeal. On June 16, 1987, MTI purchased the Debtor's assets and the Michigan plant resumed operations shortly thereafter.

The UAW argues on appeal[2] that the Bankruptcy Court's order of June 15, 1987 violates § 1113(f) of the Bankruptcy Code, 11 U.S.C. § 1113(f) (1982), for allowing the Debtor unilaterally to violate collective-bargaining agreements with the UAW and that it erred in releasing the Debtor and MTI from liability for unfair labor practices committed by the Debtor in violation of § 8(a)(5) and § 8(a)(1) of the National Labor Relations Act, 29 U.S.C. § 158(a)(5), (a)(1) (1982). Since the UAW failed to obtain a stay of the sale pending appeal as required by § 363(m) of the Bankruptcy Code, 11 U.S.C. § 363(m) (1982), I do not reach those arguments because the appeal is moot.

*Discussion*

Section 363(m) of the Bankruptcy Code provides as follows:

The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

█ The rationale for § 363(m) is to afford finality to the judgments and orders of the Bankruptcy Court such that good faith purchasers can rely on Court orders in purchasing the assets of a chapter 11 debtor.[3] As the Seventh Circuit has noted:

Finality is important because it minimizes the chance that purchasers will be dragged into endless rounds of litigation to determine who has what rights in the property. Without the degree of finality provided by the stay requirement, purchasers are likely to demand a steep discount for investing in the property....

*In re Sax,* 796 F.2d 994, 998 (7th Cir.1986).

The legislative history of § 363(m) confirms that the purpose of § 363(m) is to protect good faith purchasers of property from reversal of sale authorization on appeal unless authorization and the sale itself were stayed pending appeal. *See* H.R.Rep. No. 595, 95th Cong., 1st Sess. 346, *reprinted in* 1978 U.S.Code Cong. & Admin.News 5963, 6302; Bankruptcy Reform Act of 1978, S.Rep. No. 989, 95th Cong., 2d Sess. 57, *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 5843.

The First Circuit has stated unequivocally that "[w]hen an order confirming a sale to a good faith purchaser is entered and a

---

2. A third appeal is pending from the Bankruptcy Court's order of October 30, 1987, converting this case from a chapter 11 to a chapter 7 proceeding and authorizing the rejection of the Debtor's collective-bargaining agreements. That appeal is not yet ripe for decision.

3. Although the Bankruptcy Court has converted this matter from a chapter 11 to a chapter 7 proceeding, the Debtor was subject to chapter 11 at the time MTI purchased the assets.

stay of that sale is not obtained, the sale becomes final and cannot be reversed on appeal." *In re Saco Local Dev. Corp.*, 19 B.R. 119, 121 (Bankr.1st Cir.1982). *See also Greylock Glen Corp. v. Community Savings Bank*, 656 F.2d 1, 4 (1st Cir.1981) (concerning Bankruptcy Rule 805 which, for all relevant purposes, has the same stay requirements as § 363(m)); *In re Citizens Mort. Inv. Trust*, 25 B.R. 1005, 1008 (D.Mass.1982) (dismissing appeal as moot under Bankruptcy Rule 805). Other courts considering § 363(m) have come to the same conclusion. *See, e.g., In re Andy Frain Servs., Inc.*, 798 F.2d 1113, 1125 (7th Cir.1986); *In re Sax*, 796 F.2d 994, 998 (7th Cir.1986); *In re Lake Placid Co.*, 78 B.R. 131, 134 (W.D.Va.1987); *In re Youngstown Steel Tank Co.*, 27 B.R. 596, 598 (W.D.Pa. 1983).

▇▇ The UAW does not contest that it failed to obtain a stay of authorization, nor that MTI purchased the property in good faith within the meaning of § 363(m). The UAW argues, however, that the Bankruptcy Court's orders were founded on both § 363(b) and § 363(f); [4] that it has appealed only the order predicated on § 363(f); and that § 363(f) is not subject to the stay requirement of § 363(m).

Section 363(b) provides in pertinent part that "[t]he trustee, after notice and hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." Section 363(f) delineates the circumstances under which a trustee is authorized to sell property pursuant to § 363(b) free and clear of any interest in such property. Although § 363(m) refers specifically to subsections (b) and (c) and not to (f), the trustee authorized to sell property, free and clear of encumbrances under § 363(f), derives authority for the sale from § 363(b). As one court has characterized it, "§ 363(f) is merely a subsection of § 363(b) and, for purposes of determining the question of mootness, that difference is irrelevant. Whether this sale is considered authorized under § 363(f) or (b), the mootness analysis remains unchanged." *Lake Placid*, 78 B.R. at 135 n. 1.

The UAW next contends that it is not asking this Court to set aside the entire sale but only that part of the order rejecting inclusion of the collective-bargaining agreements as part of the sale of the Debtor's assets to MTI. In support of its position, the UAW relies on *In re Stroud Wholesale, Inc. v. Pitt County*, 47 B.R. 999 (E.D.N.C.1985). In *Stroud*, the court reversed the Bankruptcy Court's decision to authorize the sale of the debtor's property free and clear of tax liens even though no stay of the sale had been obtained. *Stroud* distinguished between invalidation of the sale and redistribution of proceeds of the sale to include, in that case, tax liens and interests. *Id.* at 1003.

To the extent that holding of *Stroud* may apply to this case, I respectfully disagree with its reasoning and result.[5] As noted earlier, the primary purpose of § 363(m) is to provide finality to a sale of the debtor's assets so that purchasers know they own what they bought. The economic difference in changing the terms of the sale to include collective-bargaining agreements may be substantial. To allow dissection of sale terms so that some terms would be enforced and others set aside would defeat the very purpose of § 363(m).

Finally, § 363(m) not only covers "reversal," but also "modification" of sale authorization. However appellants may frame the argument, the effect of including the collective-bargaining agreements is to modify the terms of the sale. That cannot be done without a stay.

The UAW's appeal from the Bankruptcy Court's order of sale became moot in the absence of an effective stay order. The appeal is therefore dismissed.

---

4. In fact, the confirmatory order issued by Judge Gabriel on June 15, 1987 refers to § 363 only and not to particular subsections thereof.

5. It is to be noted that the reasoning in *Stroud* has been severely criticized although criticisms relate to matters extraneous to the issues in this appeal. *See In re Beker Industries Corp.*, 63 Bankr. 474, 476 (Bankr.S.D.N.Y.1986).