In re WIEBOLDT STORES, INC.,
FEIN 36–1964420, Debtor.

No. 87 C 10346.

United States District Court,
N.D. Illinois, E.D.

May 18, 1988.

Margaret M. Anderson, Hopkins & Sutter, Chicago, Ill.

Ben Barnow, McNeill, Fick & Barnow, Chicago, Ill.

Claude R. Bowles, Jr., Porter, Wright, Morris & Arthur, Cincinnati, Ohio.

James E. Carmel, Carmel, Baker & Marcus, Ltd., Chicago, Ill.

Robert B. Chatz, Arvey, Hodes, Costellos, Burman, Chicago, Ill.

John O. Collen, Chapman & Cutler, Chicago, Ill.

Melaine Rovner Cohen, Antonow & Fink, Chicago, Ill.

Lawrence M. Cooper, Cooper & Cooper, Ltd., Chicago, Ill.

Theodore A. Livingston, David S. Curry, Mayer, Brown & Platt, Chicago, Ill., for Household Commercial Financial Services, Inc.

Robert J. Kriss, Carrie Huff, Andrew Denatale, Stroock & Stroock & Lavan, New York City.

Larry Ramey, Office of the U.S. Trustee, Chicago, Ill.

Timothy J. Riordan, DeFrees & Fiske, Chicago, Ill.

James R. Rohlfing, Biggman, Cowan, Marquardt, & Lunding, Chtd., Chicago, Ill.

Paul Daley, Hale & Door, Boston, Mass.

Jeffrey Sherman, Otterbourg, Steindler, Houston & Rosen, New York City.

Marvin A. Tenenbaum, Alexander, Unikel, Bloom Zalewa & Tenenbaum, Ltd., Chicago, Ill.

Myron Trepper, Levin & Weintraub & Crames, New York City.

Larry M. Wolfson, Jenner & Block, Chicago, Ill.

Dean A. Dickie, Phelan, Pope & John, Ltd., Chicago, Ill.

Maryanne H. Capron, Pretzel & Stouffer, Chtd., Chicago, Ill.

Ellis B. Rozenzweig, Sachnoff, Weaver & Rubenstein, David P. Leibowitz, David N. Missner, Schwartz, Cooper, Kolb & Gaynor, Chicago, Ill., for Wieboldt Stores.

Sarah R. Wolff, M. Marshall Seeder, David J. Fischer, Wildman, Harrold, Allen & Dixon, Chicago, Ill.

Theodore L. Freedman, Kirkland & Ellis, Chicago, Ill.

Philip J. Glick, Household Commercial Financial Services, Inc., Prospect Heights, Ill.

Scott Hazen, Otterbourg, Steindler, Houston & Rosen, New York City.

Leroy G. Inskeep, Rudnick & Wolfe, Chicago, Ill.

Louis W. Levit, Levit & Mason, Ltd., Chicago, Ill.

Michael L. Molinaro, Katten, Muchin, Zavis, Pearl, Greenberg & Galle, Chicago, Ill.

Robert K. Olendzki, Wilson & McIlvaine, Chicago, Ill.

Harry Henning, Porter, Wright, Morris & Arthur, Columbus, Ohio.

Michael Weininger, Katz, Randall & Weinberg, Chicago, Ill.

## MEMORANDUM OPINION AND ORDER

HOLDERMAN, District Judge:

Before the court is Schottenstein Stores Corporation's ("Schottenstein") appeal from the Bankruptcy Court's October 28, 1987 decision. Household Commercial Financial Services, Inc. ("Household") moves to dismiss Schottenstein's appeal as moot under Section 363(m) of the Bankruptcy Code, 11 U.S.C. § 363(m).

## BACKGROUND FACTS

In December 1985 WSI–Sub, Inc. ("WSI") acquired the common stock of Wieboldt, Inc. ("Wieboldt"). WSI financed the acquisition through a loan from Household. Schottenstein alleges that, after WSI's acquisition, Wieboldt secured the loan by giving Household mortgages on Wieboldt's real property assets.

By September 1986 Wieboldt was in bankruptcy. Household asserted its rights under the mortgages to the Wieboldt property. The debtor-in-possession argued in response that the mortgages were void as fraudulent conveyances.

Household and Wieboldt entered into a Settlement Agreement which provided, *inter alia*, that Wieboldt would transfer to Household the real estate interests which were subject to Household's mortgages. Under the agreement Household would pay Wieboldt $16,500,000 and would release it from liability for its indebtedness. The Settlement Agreement also provided that the validity of Household's liens was established.

Schottenstein objected to the Settlement Agreement. On October 28, 1987, after discovery and hearings, the Bankruptcy Court approved the Settlement Agreement under Section 363 of the Bankruptcy Code, 11 U.S.C. § 363(b)(1).

On November 9, 1987 Schottenstein filed a notice of appeal from the Bankruptcy Court's decision. On December 1, 1987 Wieboldt and Household consummated their settlement.

## DISCUSSION

Household moves to dismiss Schottenstein's appeal as moot under Section 363(m) of the Bankruptcy Code. 11 U.S.C. § 363(m).

Section 363(m) provides:

The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

Section 363(b)(1) provides that the trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate. 11 U.S.C. § 363(b)(1).

Schottenstein argues that (1) Section 363(m) does not apply to its appeal because the Settlement Agreement was not a sale under Section 363(b)(1); (2) even if Section 363(m) applies to its appeal, because the Bankruptcy Court did not find that Household is a good faith purchaser, Schottenstein's failure to seek a stay of the sale does not moot its appeal; and (3) the sale constituted a de facto plan of reorganization.

1. *The Transaction is a Sale Under Section 363(b)(1)*

■ The Bankruptcy Court relied upon Section 363 to authorize the settlement. First, the Bankruptcy Court stated that it was acting on Wieboldt's application for entry of an order (1) authorizing Wieboldt's execution, delivery and performance of the Settlement Agreement; (2) authorizing "the transfer and conveyance of property to Household, free and clear of liens, and the other transactions contemplated by the Settlement Agreement." (Bankruptcy Court Decision, p. 1). Second, the Bankruptcy Court expressly stated that it had evaluated the Settlement Agreement under the standards of Section 363.[1] (Bankruptcy Court Decision, p. 30, 36). This court concludes that the Bankruptcy Court relied upon Section 363 in authorizing the Household/Wieboldt transaction.

Under *In re Sax*, 796 F.2d 994, 997-8 (7th Cir.1986), this court need not inquire further. In *Sax* the appellant argued that Section 363(m) did not apply to his appeal because the subject property was not property of the estate and therefore could not have been sold under Section 363(b). The Seventh Circuit wrote:

Section 363(m) does not say that the sale must be *proper* under § 363(b); it says the sale must be *authorized* under § 363(b). There is no doubt that when the bankruptcy court authorized the sale

---

1. On p. 36 of its opinion the Bankruptcy Court expressly authorized the sale under Section 363(f), which sets forth the circumstances in which the trustee can sell property under Section 363 subsection (b) or (c) "free and clear of any interest in such property of an entity other than the estate." Because Section 363(f) simply refers to the trustee's authority under 363(b), this court holds that Section 363(m) applies to appeals from orders authorized under Section 363(f). *See In re Morse Tool,* 87 B.R. 745 (D.Mass.1988); *In re Lake Placid Co.,* 78 B.R. 131, 134 (W.D.Va.1987).

and ordered that the Yacht be turned over to the purchaser, it was acting under § 363(b) [footnote omitted]. At this juncture, it matters not whether the authorization was correct or incorrect. The point is that the proper procedures must be followed to challenge an authorization under § 363(b). As stated earlier, § 363(m) and the cases interpreting it have clearly held that a stay is necessary to challenge a bankruptcy sale authorized under § 363(b).

*In re Sax, supra,* 796 F.2d at 997–98. Under *Sax,* because the Bankruptcy Court authorized the sale under Section 363, Schottenstein was required to seek a stay of the sale before it could appeal the Bankruptcy Court's order. *See also In re Charter Company,* 829 F.2d 1054, 1056 (11th Cir.1987).

Assuming *arguendo* that the Bankruptcy Court's characterization of its order does not trigger the application of Section 363(m), this court holds that the Settlement Agreement constituted a sale of assets under Section 363. In arguing to the contrary, Schottenstein focuses on the following language on page 9 of the Settlement Agreement:

> Household and Wieboldt have entered into the Settlement Agreement to settle ... all disputes and controversies between them, to provide for the satisfaction of Wieboldt's obligations under the Household Loan Agreement and *the transfer of substantially all of the Household collateral to Household by deeds and bills of sale or other instruments in lieu of foreclosure.* (emphasis added)

Specifically, Schottenstein argues that the Settlement Agreement did not contemplate a sale of assets because the Settlement Agreement provided 1) that Wieboldt would transfer its assets "in lieu of foreclosure"; 2) that the transfer of assets would not involve competitive bidding; 3) that the parties would settle their disputes. This court disagrees with each of Schottenstein's contentions.

First, the fact that one paragraph of the Settlement Agreement describes the transfer of assets as a transfer "in lieu of foreclosure" does not preclude this court from finding that the transfer was a sale. This court looks to the entire Settlement Agreement in characterizing the transfer. The Settlement Agreement provided that Wieboldt conveyed to Household certain real estate interests (with a value of $54,500,000) in return for the release from approximately $64,000,000 in indebtedness (Bankruptcy Court Decision, p. 25). The Settlement Agreement thus provided for transfer of assets for value.

The fact that Household is Wieboldt's secured creditor and the consideration is in part forgiveness of Wieboldt's debt does not prevent the transaction from constituting a sale. *See* 11 U.S.C. § 101(37) ("purchaser" is a transferee of a voluntary transfer). Like other purchasers, a secured creditor may hesitate to buy assets from a bankrupt or may discount its offer unless assured that the sale is final. *See In re Sax, supra,* 796 F.2d at 998. *See also In re Pisces Leasing Corp.,* 66 B.R. 671, 674 (E.D.N.Y.1986); *In re Youngstown Steel Tank Co.,* 27 B.R. 596, 598 (W.D.Pa.1983).

The fact that the transfer did not result from competitive bidding is also not dispositive. Section 363(b) is not limited to sales involving competitive bidding. Bankruptcy Rule 6004, which sets forth procedures for Section 363(b) transfers, expressly provides for private sales. And courts have applied Section 363(m) to sales which did not involve competitive bidding. Bankruptcy Rule 6004; *In re Youngstown Steel Tank Co.,* 27 B.R. 596, 598 (W.D.Pa.1983).

Finally, the fact that the trustee transferred Wieboldt's assets in the context of a settlement of claims does not place the transfer outside the scope of Section 363. Applying 363(m) to transfers made as part of settlements will further the purpose underlying 363(m), i.e., to give finality to sales of a bankrupt's assets. The Seventh Circuit in *In re Andy Frain Services, Inc.,* 798 F.2d 1113, 1127 (7th Cir.1986) rejected the appellant's attempt to challenge separate terms of a settlement and sales agreement. The Seventh Circuit wrote that

"(g)iven the important role Section 363(m) plays in assuring a good faith purchaser at a bankruptcy sale good title, we find that the sale, including all of its terms, cannot be challenged on appeal when the appellant fails to obtain a stay." *See also In re Pisces Leasing Corp.*, 66 B.R. 671, 673 (E.D.N.Y.1986); *In re Youngstown Steel Tank Co.*, 27 B.R. 596, 598 (W.D.Pa.1983).[2]

### 2. *Household's Status As A Good Faith Purchaser*

Section 363(m) does not moot the appeal of a sale unless a "good faith purchaser"[3] bought the property. Schottenstein argues that 1) Section 363(m) does not moot its appeal because the Bankruptcy Court did not expressly find that Household acted in good faith; 2) the lack of such a finding deprived Schottenstein of notice that the sale would fall under Section 363(b).

This court does not agree that Section 363(m) cannot apply to Schottenstein's appeal. The Seventh Circuit has not insisted that the Bankruptcy Court expressly find good faith in Section 363 cases. *See, e.g., In re Andy Frain Services, Inc.*, 798 F.2d 1113, 1125 (7th Cir.1986). And because the Bankruptcy Court *and* Schottenstein characterized the sale as falling under Section 363, Schottenstein had notice that Section 363(m) would apply to its appeal. (Preliminary Objection of Schottenstein Stores, p. 29; Post–Trial Memorandum of Schottenstein Stores, pp. 24–29).

Household argues that this court need not determine its good faith because: 1) the Bankruptcy Court implicitly found Household to be a "good faith purchaser," 2) Schottenstein has not alleged facts showing that Household acted in bad faith. This court does not agree. Household argues that, by approving the Settlement Agreement the Bankruptcy Court implicitly found that Household was a good faith purchaser. But the Bankruptcy Court did not address the issues relevant to Household's good faith under Section 363(m). This court holds that the Bankruptcy Court did not implicitly find that Household acted in good faith. *See In re Abbott's Dairies of Pennsylvania, Inc.*, 788 F.2d 143, 148 (3rd Cir.1986).

Moreover, Schottenstein did suggest (before both this court and the Bankruptcy Court) that Household colluded with the trustee and therefore is not a good faith purchaser. (Objections and Memorandum of Law in Opposition to Motion Seeking Dismissal of Appeal, p. 21; Transcript of October 16, 1987 proceedings before Bankruptcy Judge DeWitt, pp. 106–07).

After examining the record for evidence that Household's conduct involved fraud or collusion[4] this court concludes that it cannot determine whether Household qualifies as a good faith purchaser under Section 363(m). The Bankruptcy Court should make this determination, as it is familiar with Household's conduct in the course of the sale proceedings. *In re Abbots Dairies of Pennsylvania, Inc.*, 788 F.2d 143, 149 (3rd Cir.1986). This court will therefore remand this cause to the Bankruptcy Court for a finding as to Household's status as a good faith purchaser for purposes of Section 363(m).

### CONCLUSION

Household's Motion to Dismiss Appeal is DENIED. This case is remanded for proceedings consistent with this opinion.

---

**2.** Because this court concludes that Section 363(m) applies to Schottenstein's appeal, this court will not address its argument that the Settlement Agreement constitutes a *de facto* plan of reorganization.

**3.** The Seventh Circuit has written that

[t]he requirement that a purchaser act in good faith, of course, speaks to the *integrity of his conduct in the course of the sale proceedings.* Typically, the misconduct that would destroy a purchaser's good faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders.

*In re Rock Industries Machinery Corp.*, 572 F.2d 1195, 1198 (7th Cir.1978).

**4.** Since there were no other bidders for the Wieboldt property at issue, Household could not have taken "grossly unfair advantage of other bidders." *In re Rock Industries Machinery Corp.*, 572 F.2d 1195, 1198 (7th Cir.1978).