**In re PIONEER INVESTMENT SERVICES CO. a.k.a. Premiere Restaurant Investment Co., Debtor.**

**PIONEER INVESTMENT SERVICES CO., Plaintiff,**

**v.**

**VALLEY FIDELITY BANK & TRUST CO. and Cain Partnership, Ltd., Defendants.**

Bankruptcy No. 3–89–01058.

Adv. No. 3–89–0088.

United States Bankruptcy Court, E.D. Tennessee.

Sept. 12, 1989.

Craig J. Donaldson, Knoxville, Tenn., for plaintiff.

James S. Tipton, Jr., Knoxville, Tenn., for Valley Fidelity Bank & Trust.

Larry E. Parrish, Memphis, Tenn., for Cain Partnership, Ltd.

## MEMORANDUM AND ORDER

JOHN C. COOK, Bankruptcy Judge.

This case is presently before the court upon the motion of First National Bank of Louisville (herein "First National") to intervene in this adversary proceeding. The defendants, Valley Fidelity Bank (herein "Valley") and Cain Partnership, Ltd. (herein "Cain"), jointly oppose First National's motion. A hearing on First National's motion was held August 28, 1989. Having considered the bank's motion, the joint response thereto and the arguments presented at the hearing, and having reviewed the record in this case, the court now enters this memorandum and order. For purposes of ruling on the motion to intervene, the court will treat certain factual allega-

tions contained in the pleadings as being true.

## I.

The debtor-in-possession in this case, Pioneer Investment Services Company (herein "plaintiff"), is the current holder of a leasehold interest in a tract of real estate of at least 86.54 acres located in Knoxville, Tennessee. On April 12, 1989, the plaintiff filed a petition under chapter 11. Since filing its chapter 11 petition, the plaintiff has continued to operate its business and manage its property as a debtor-in-possession pursuant to 11 U.S.C.A. § 1107.

Prior to filing its petition, and since that time, the plaintiff has sought to commercially develop the tract of land mentioned above. One such attempt by the plaintiff to develop its property is evidenced by an agreement between plaintiff and Marriott Corporation (herein "Marriott"). The plaintiff has agreed to sublease 5.15 acres of the property to Marriott for construction of two hotels.

Cain is a limited partnership which originally leased the real estate in question from Lillie Mae Cain on April 27, 1973. Cain then executed a lease of the property to Colonial Enterprises, Inc. (herein "Colonial"). After several assignments of the Colonial lease, the plaintiff acquired its interest in the real property. After the death of Lillie Mae Cain, Valley, as successor testamentary trustee, became fee-simple owner of the real property.

This proceeding arose as a result of the defendants' alleged refusal to issue certain certificates and agreements necessary to consummate plaintiff's dealings with Marriott.[1] Relying on the course of dealing between the parties, an estoppel theory, and an implied contract theory, the plaintiff contends the defendants are obligated to provide the necessary certificates and agreements.[2] Further, the plaintiff maintains that its ability to obtain these documents from defendants is crucial to its efforts to develop the real estate holdings and to successfully reorganize. The defendants deny the plaintiff is entitled to the relief requested. The case is scheduled for trial on October 26, 1989, as set forth in the pretrial order entered July 27, 1989.

On July 26, 1989, First National, through counsel, filed a motion to intervene in this proceeding. First National's motion alleges that it has an interest in this proceeding as a secured creditor under a deed of trust on a portion of the real property in controversy. First National's motion is not accompanied by a pleading setting forth a claim or defense for which intervention is sought.

The defendants have jointly responded in opposition to First National's motion to intervene. The defendants argue that First National's interest as a secured creditor is not impaired by this proceeding and, alternatively, that the interests of First National are similar to and adequately represented by an existing party (the plaintiff) in this proceeding.

At the hearing on First National's motion to intervene, evidence was offered to establish First National's status as a secured creditor in the subject property. No evidence was presented by any party to suggest the interests of First National and those of the plaintiff are different in this proceeding. Nor did any evidence suggest the interests of First National are not being adequately represented.

## II.

First National's motion is brought pursuant to the provisions of 11 U.S.C. § 1109 and Bankr.Rule 7024. 11 U.S.C.A. § 1109(b) provides:

> (b) A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and

---

1. These include Recognition, Non–Disturbance, Attornment, and Estoppel agreements/certificates.

2. Another issue raised in this lawsuit is whether plaintiff's lease is terminable by Cain because of plaintiff's failure to pay rent. That issue has been litigated in the bankruptcy case and is presently under advisement.

may appear and be heard on any issue in a case under this chapter.

11 U.S.C.A. § 1109 (West 1979). Although § 1109(b) permits a "party in interest" to appear and be heard in bankruptcy cases under chapter 11, this court does not construe § 1109(b) to confer an unconditional right on such parties to intervene in adversary proceedings merely related to a case under chapter 11. *See Fuel Oil Supply & Terminaling v. Gulf Oil Corp.,* 762 F.2d 1283 (5th Cir.1985); *Sarah R. Neuman Foundation v. Garrity (In re Neuman),* 103 B.R. 491 (Bankr.S.D.N.Y.1989); *First Wisconsin Nat'l Bank v. Terex Corp. (In re Terex Corp.),* 53 B.R. 616 (Bankr.N.D. Ohio 1985); *Rollert Co. v. Charter Crude Oil Co. (In re Charter Co.),* 50 B.R. 57 (Bankr.W.D.Tex.1985). *But see Official Unsecured Creditors' Committee v. Michaels (In re Marin Motor Oil),* 689 F.2d 445 (3d Cir.1982). Parties seeking intervention in a related adversary proceeding must do so pursuant to Bankr.R. 7024, which incorporates by reference Rule 24 of the Federal Rules of Civil Procedure. *Fuel Oil Supply & Terminaling,* 762 F.2d at 1287; *In re Neuman,* 103 B.R. 491.

Rule 24 of the Federal Rules of Civil Procedure provides:

(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

(b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: ... (2) when an applicant's claim or defense and the main action have a question of law or fact in common.... In exercising its

discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

(c) Procedure. A person desiring to intervene shall serve a motion to intervene upon the parties as provided in Rule 5. The motion shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought....

Fed.R.Civ.P. 24.

Under Rule 24(a)(2),[3] the movant has to show the following: (1) the motion is timely; (2) the movant has an interest relating to property or the transaction in dispute; (3) impairment of the movant's interest resulting from the proceeding in which movant wishes to intervene; and (4) a lack of adequate representation by existing parties. Fed.R.Civ.P. 24(a)(2); *see* 3B J. Moore & J. Kennedy, *Moore's Federal Practice* ¶ 24.07[1], at 24–50 (2d ed. 1987); *Key Bank v. IRS (In re Lake Placid Co.),* 78 B.R. 131, 133 (W.D.Va.1987). Without addressing the first three requirements, this court's focus is on whether the interests of First National are inadequately represented by the existing parties.

The Court of Appeals for the Sixth Circuit places upon the the party seeking intervention the burden of showing that representation by existing parties is inadequate. *Triax Co. v. TRW, Inc.,* 724 F.2d 1224, 1227 (6th Cir.1984) (citing *Goldberg v. Fisher Foods,* 717 F.2d 290, 293 (6th Cir. 1983)); *Grubbs v. Norris,* 870 F.2d 343, 347 (6th Cir.1989). Though the movant's burden has been characterized as minimal, *Grubbs,* 870 F.2d at 347 (citing *Trobvich v. United Mine Workers,* 404 U.S. 528, 92 S.Ct. 630, 30 L.Ed.2d 686 (1972)), First National has produced no proof of inadequate representation, and there is nothing in the record to suggest that First National's interests will not be adequately and completely represented by the plaintiff. First,

---

**3.** Rule 24(a)(1) would not be applicable here since the court does not construe § 1109(b) as conferring upon First National an uncondition-

al right to intervene in this adversary proceeding.

**510**

the movant has made no showing that any claim it might wish to assert is not now before the court.[4] Second, the plaintiff has a significant interest in vigorously pursuing this lawsuit so that the real estate in question may be commercially developed and a successful reorganization accomplished. Third, the plaintiff is represented by competent and experienced counsel in this proceeding. *See, e.g., Heyman v. Exchange Nat'l Bank,* 615 F.2d 1190, 1193–94 (7th Cir.1980); *Key Bank v. IRS (In re Lake Placid Co.),* 78 B.R. 131 (W.D.Va. 1987); *Baker v. Krauss (In re Baker),* 22 B.R. 791 (Bankr.D.Md.1982).

Accordingly, First National will not be permitted to intervene in this lawsuit under Rule 24(a)(2) since there has been no showing that its interests will not be adequately represented and it offers nothing in the way of additional claims or theories. If the court were to allow First National to intervene, the only likely addition to this proceeding would be duplication of effort, costs, and delays.

Rule 24(c) requires that a motion to intervene be accompanied by a pleading asserting claims or defenses for which intervention is sought. Fed.R.Civ.P. 24(c). First National's motion to intervene is procedurally deficient for lack of the required pleadings. *See In re Baker,* 22 B.R. at 792. The failure of First National to assert any pleading on its behalf lends support to this court's finding that no additional purpose is served by allowing First National to intervene at this time.[5] Accordingly, the motion of First National to intervene is denied.

IT IS SO ORDERED.

---

**4.** Because First National is only a secured creditor holding a deed of trust on the property, it is doubtful that First National could have brought this lawsuit in its own right at this time.

**5.** For the reasons set forth herein, the court also declines to allow permissive intervention under Rule 24(b). *See In re Lake Placid Co.,* 78 B.R. at 134.