NOLAND, District Judge.
 

 This is an appeal from a district court order dismissing as moot two consolidated appeals from bankruptcy court orders approving the sale of a yacht and ordering the yacht to be turned over to the purchaser. The question on appeal is whether this appeal is moot because the appellant failed to obtain a stay of the sale of the yacht. We hold that the appeal is moot, and, therefore, affirm the district court and bankruptcy court orders.
 

 I.
 

 Sax, the debtor, owned a 42-foot trawler yacht called the Sommerset III (the Yacht). After Sax had started bankruptcy proceedings under Chapter 7, and before he converted to Chapter 11, Sax transferred and conveyed his right, title and interest in and to the Sommerset III to the law firm of Arvey, Hodes, Costello & Burman (the Law Firm) in lieu of a retainer and as considera
 
 *996
 
 tion for the services rendered and expenses incurred by the Law Firm while representing Sax in the bankruptcy proceedings.
 
 [1]
 

 The bankruptcy court ordered that the Sommerset III be sold unless objections were filed. The Law Firm consented to the sale. The appellant, Three Rivers Marine Services, Inc. (Three Rivers), filed written objections. Three Rivers claimed an interest in the Sommerset III in the form of a maritime lien for work done on and storage of the yacht. Three Rivers claims its lien was worth $44,000 as of April 24, 1985, but the Trustee argues that the lien’s value is far less.
 
 [2]
 
 Over Three Rivers’ objections, the bankruptcy court ordered the Yacht to be sold, with Three Rivers’ lien to attach to the proceeds of the sale. Pursuant to said order, the Sommerset III was sold for $65,-000 to Homer Lange, Sr., the intervenor in this appeal.
 

 The bankruptcy court approved the sale, again over objections filed by Three Rivers. The Sommerset III was in Three Rivers’ possession, and Three Rivers apparently refused to turn over the Yacht voluntarily. On the Trustee’s motion and over Three Rivers’ objections, the bankruptcy court issued a turnover order. Three Rivers abid-ed by this order and relinquished possession of the Sommerset III.
 

 Three Rivers then appealed to the district court the bankruptcy court's order approving the sale and the turnover order. On the Trustee’s motion, the district court dismissed the appeal as moot because Three Rivers had not obtained a stay of the sale, and, therefore, the district court’s ruling could not affect the sale pursuant to 11 U.S.C. § 363(m). Alternatively, the district court denied the appeal and affirmed the two bankruptcy court orders.
 

 On appeal to this Court, Three Rivers claims that the Sommerset III was not property of the debtor’s estate; therefore the sale was not under 11 U.S.C. § 363(b), § 363(m) does not apply, and the district court erred in dismissing the appeal. Appellant argues further that the Trustee’s sale of the Sommerset III is void because the bankruptcy court lacked jurisdiction. The Trustee and the intervenor argue that this appeal is moot.
 

 II.
 

 First, to dispose of the threshold issue of appellate jurisdiction,
 
 Liberty Mutual Insurance v. Wetzel,
 
 424 U.S. 737, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976);
 
 In re Boomgarden,
 
 780 F.2d 657, 659 (7th Cir.1985), we conclude that the order under appeal is final, and that we have jurisdiction of this appeal. We have jurisdiction of appeals from final decisions of district courts in bankruptcy cases. 28 U.S.C. § 158(d);
 
 In re Boomgarden,
 
 780 F.2d at 659. “Final” is interpreted more liberally in bankruptcy cases than in other federal cases.
 
 In re Barker,
 
 768 F.2d 191, 193 (7th Cir.1985).
 
 [3]
 
 Orders approving or failing to approve the sale of a debtor’s property are considered final decisions and are immediately appealable.
 
 In re Kaiser,
 
 791 F.2d 73 (7th Cir.1986);
 
 Sulmeyer v. Karbach Enterprises (In re Exennium),
 
 715 F.2d 1401, 1402-03 (9th Cir.1983); 1
 
 Collier on Bankruptcy
 
 113.03, at 3-156 (15th ed. 1986);
 
 see also Gross v. Russo (In re Russo),
 
 762 F.2d 239 (2nd Cir.1985) (jurisdiction assumed without discussion);
 
 House Corp. v. Vetter Corp. (In re Vetter Corp.),
 
 724 F.2d 52 (7th Cir.1983) (jurisdiction assumed without discussion). In cases similar to the one before us, other courts of appeals have exerted jurisdiction over appeals of district
 
 *997
 
 court orders dismissing appeals of bankruptcy court orders approving sales,
 
 Tompkins v. Frey (In re Bel Air Associates),
 
 706 F.2d 301 (10th Cir.1983);
 
 Bleaufontaine, Inc. v. Roland International (In re Bleaufontaine, Inc.),
 
 634 F.2d 1383 (5th Cir.1981); as in the case at bar, the appellants in those cases failed to obtain a stay of the sale. The immediate appealability of decisions determining the validity of a sale works to the benefit of the debtor’s estate and creditors. If purchasers at a trustee’s sale of a debtor’s property had to wait until after the entire bankruptcy proceedings were finished to have their property rights determined, undoubtedly a debtor’s property would be worth less than it is under current law.
 

 III.
 

 Having found subject matter jurisdiction, we must nevertheless dismiss this appeal before reaching the merits. We hold this appeal moot because the sale of the Yacht was authorized under § 363(b) and Three Rivers failed to obtain a stay of the sale. This result is required by 11 U.S.C. § 363(m), which states:
 

 (m) The reversal or modification on appeal of
 
 an authorization under subsection (b)
 
 or (c) of this section of a sale ... of property does not affect the validity of a sale ... under such authorization to an entity that purchased ... such property in good faith, whether or not such entity knew of the pendency of the appeal,
 
 unless such authorization and such sale ... were stayed
 
 pending appeal.
 

 (Emphasis added.) This Court and others have repeatedly held that an appeal of a bankruptcy sale is moot if the stay required by § 363(m) is not obtained.
 
 [4]
 

 See, e.g., In re Vetter,
 
 724 F.2d at 55-56;
 
 In re Exennium,
 
 715 F.2d at 1403-04;
 
 In re Bel Air Associates,
 
 706 F.2d at 304-05;
 
 [5]
 

 In re Bleaufontaine,
 
 634 F.2d at 1389-90. “In the case of a bankruptcy sale, the failure to obtain a stay of the sale, pending appeal, allows the sale to be completed, thus preventing an appellate court from granting relief and thereby rendering the appeal moot.”
 
 In re Vetter,
 
 724 F.2d at 55. The sale has taken place, and the Sommerset III has been turned over to the purchaser. Three Rivers did not obtain a stay of the sale or of the order approving the sale, so there is nothing we can do to affect the validity of the sale.
 

 Three Rivers attempts to avoid the requirements of § 363(m) by arguing that § 363(m) does not apply and a stay is unnecessary because the Sommerset III was not property of the estate and, therefore, could not have been sold under § 363(b).
 
 [6]
 
 Three Rivers misses the point. Section 363(m) does not say that the sale must be
 
 proper
 
 under § 363(b); it says the sale must be
 
 authorized
 
 under § 363(b). There is no doubt that when the bankruptcy court authorized the sale and ordered that the Yacht be turned over to the purchaser, it was acting under § 363(b).
 
 [7]
 
 At this juncture, it matters not whether the authoriza
 
 *998
 
 tion was correct or incorrect. The point is that the proper procedures must be followed to challenge an authorization under § 363(b). As stated earlier, § 363(m) and the cases interpreting it have clearly held that a stay is necessary to challenge a bankruptcy sale authorized under § 363(b).
 

 Three Rivers essentially has asked us to create an exception such that a stay is required to challenge a § 363(b) authorized sale
 
 except
 
 when the appellant argues that the property did not belong to the debtor’s estate. To create such an exception would seriously undermine the purpose of § 363(m) and could destroy the rule altogether. The stay requirement “ ‘is in furtherance of the policy of not only affording finality to the judgment of the bankruptcy court, but particularly to give finality to those orders and judgments upon which third parties rely.’ ”
 
 In re Vetter,
 
 724 F.2d at 55 (quoting 14
 
 Collier on Bankruptcy
 
 1111-62.03, at 11-62-11 (14th ed. 1977)). Finality is important because it minimizes the chance that purchasers will be dragged into endless rounds of litigation to determine who has what rights in the property. Without the degree of finality provided by the stay requirement, purchasers are likely to demand a steep discount for investing in the property.
 
 Cf., In re Exennium,
 
 715 F.2d at 1403. Creditors, who may lose money under the rules now, stand to lose even more if we allow the proposed exception to the stay requirement. The courts should follow statutory provisions precisely; to look for exceptions would increase litigation, which would seriously undermine the finality and certainty imposed by § 363(m).
 

 Three Rivers argues in the alternative that the lower court decisions should be reversed because the bankruptcy court lacked subject matter jurisdiction because the Sommerset III was not property of the debtor’s estate. The appellants raise the jurisdictional argument as if it somehow negates or excuses their failure to obtain a stay. It does not. This appeal is moot because Three Rivers failed to obtain a stay, so we cannot reach the question of whether the bankruptcy court had jurisdiction to order and approve the sale.
 
 See Kennedy v. Nicastro (In re Seeburg Corp.),
 
 10 B.R. 326, 328 (N.D.Ill.1981).
 
 Cf. United States v. Sarmiento-Rozo,
 
 592 F.2d 1318 (5th Cir.1979) (dismissing appeal as moot before reaching question of subject matter jurisdiction).
 

 The bankruptcy court made the determination that it had jurisdiction; an issue which it had jurisdiction to decide.
 
 See,
 
 13A C. Wright, A. Miller & E. Cooper,
 
 Federal Practice and Procedure
 
 § 3535 (1984). That decision stands unless it is appealed properly.
 
 See United States v. United Mine Workers of America,
 
 330 U.S. 258, 294, 67 S.Ct. 677, 696, 91 L.Ed. 884 (1947). Despite the maxim that “subject matter jurisdiction can be raised at any time,” valid procedural rules cannot be ignored just because the jurisdictional decision is being challenged rather than the decision on the merits. To accept Three Rivers’ argument would be to ignore valid procedural requirements.
 
 [8]
 

 IY.
 

 Although this appeal is moot, the litigation between Three Rivers and the Trustee is not necessarily at an end. Three Rivers’ lien attached to the proceeds of the sale, and Three Rivers is free to pursue its lien in the bankruptcy court.
 
 [9]
 
 Thus, Three Rivers may have been inconvenienced by having to litigate its lien in a forum not of its own choosing, but it has not been irreparably harmed. The proceeds of the sale, $65,-000, are sufficient to pay the $44,000 plus interest that Three Rivers claims it is due.
 

 
 *999
 
 The holding today does not insulate bankruptcy sales from appellate review. Appellate review of bankruptcy decisions, just like appellate review of final district court decisions, is available, but only when the proper procedures are followed. To seek review of a sale under § 363(b), the appellant must obtain a stay of the sale (with certain exceptions not relevant here). Three Rivers failed to obtain a stay of the sale of the Sommerset III; thus, this appeal must be dismissed as moot. Accordingly, the order of the district court dismissing the appeal as moot is AFFIRMED, as are the orders of the bankruptcy court authorizing the sale and requiring the Som-merset III to be turned over to the purchaser.
 

 [1]
 

 . The transfer has not been challenged and is not at issue in this appeal.
 

 [2]
 

 . At oral argument, counsel informed this Court that a decision from the bankruptcy court on the validity and amount of Three Rivers’ lien was currently pending.
 

 [3]
 

 .
 
 Barker
 
 is relevant even though it was decided under former 28 U.S.C. § 1293(b) instead of 28 U.S.C. § 158(d). Section 158(d) replaced § 1293(b), and the two sections are virtually identical.
 
 Suburban Bank of Cary Grove v. Riggsby (In re Riggsby),
 
 745 F.2d 1153, 1154-55 (7th Cir.1984). Cases decided under one section may be relied on in interpreting the other section.
 
 In re Jones,
 
 768 F.2d 923, 925-26 (7th Cir.1985);
 
 Cash Currency Exchange v. Shine (In re Cash Currency Exchange),
 
 762 F.2d 542, 546 n. 4 (7th Cir.1985).
 

 [4]
 

 . As indicated in § 363(m), a stay is not required to challenge a sale on the grounds that an entity did not purchase in good faith, but Three Rivers has not raised this issue on appeal.
 

 [5]
 

 . The Tenth Circuit relied on Fed.R.Bank.P. 805, which is now embodied in Fed.R.Bank.P. 8005. It is important to note that the Advisory Committee Note immediately following Fed.R. Bank.P. 8005 refers to and sets forth the language of 11 U.S.C. § 363(m).
 
 In re Vetter,
 
 724 F.2d at 55 n. 4. For all purposes relevant to this appeal, the stay requirements under Rule 805 are the same as those under § 363(m),
 
 In re Exennium,
 
 715 F.2d at 1404, so cases decided under Rule 805 will be used to interpret § 363(m). Three Rivers has not suggested that Rule 805 differs from § 363(m) in any respect material to this case.
 

 [6]
 

 .Section 363(b) provides that ‘‘[t]he trustee, after notice and a hearing, may ... sell, ... other than in the ordinary course of business, property of the estate.” Section 363(c) allows the trustee to sell property of the estate in the ordinary course of business. It is undisputed that § 363(c) does not apply to the sale of the Som-merset III.
 

 [7]
 

 . Section 363(b) is the primary section allowing for the sale of part of the debtor’s property, other than in the ordinary course of business. The bankruptcy court did not explicitly mention § 363(b), but the parties have assumed that § 363(b) is the relevant section, and we have found no other section that even arguably could have been used to authorize the sale of the Sommerset III.
 

 [8]
 

 . Three Rivers has not argued that § 363(m) violates due process rights nor otherwise challenged the validity of § 363(m). For a discussion of the constitutionality of the stay requirement, see
 
 See More Light Investments v. Brown (In re Citizens Mortgage Investment Trust), 25
 
 B.R. 1005, 1008-09 (D.Mass.1982).
 

 [9]
 

 . We were informed at oral argument that Three Rivers was already actively engaged in doing just that.