PER CURIAM:
 

 This is an appeal from a district court ruling affirming a bankruptcy court’s order approving a sale of assets by a subsidiary of a debtor corporation. We hold that the appeal is moot because the appellant failed to obtain a stay of either the approval order or the sale pending appeal.
 

 I. FACTS
 

 Appellee, Charter International Oil Company (CIOC), filed a petition for reorganization under Chapter 11 of the Bankruptcy Code along with approximately 40 affiliated companies in the United States Bankruptcy Court for the Middle District of Florida. No petition was filed on behalf of approximately 90 other affiliates, including Northeast Petroleum Industries, Inc. (NPI), a wholly-owned subsidiary of CIOC, and Northeast Petroleum Company (NPC), a subsidiary of NPI.
 

 Following a sealed bidding process, appellant, Cargill, Inc., negotiated a contract with NPC for the purchase of NPC’s assets for $107,803,000. As the indirect parent of NPC, CIOC sought the approval of the bankruptcy court for directing that the NPC shares be voted in favor of the sale. Cargill and NPC agreed that CIOC would seek such approval from the court. In connection with the approval process, the bankruptcy court approved a Notice of Hearing which established a deadline of January 14, 1986 for submitting better offers or filing objections to the sale. No objections or other offers were received as of that deadline.
 

 The bankruptcy court then set a hearing date for January 17, 1986. At that hearing, Atlantic Petroleum Company (Atlantic), which is not a party to this suit, requested an extension of the January 14 bidding deadline. The court directed that Cargill and Atlantic enter into competitive bidding in open court, and Atlantic gave the highest bid. The court initially directed that Atlantic’s bid be accepted, but then agreed to Cargill’s request that the hearing be reopened. The hearing was reopened on January 27, and the court ordered further competitive bidding. Cargill won this final round of bidding with a price over $5 million higher than the price in the original NPC-Cargill contract. The bankruptcy court approved CIOC's consent to the sale at that price, and Cargill bought the assets. Cargill then appealed the approval order to the district court. The district court affirmed the order, and Cargill appeals.
 

 II. DISCUSSION
 

 Appellant challenges both the propriety of the bankruptcy court’s actions and its authority to act at all with regard to the sale of property that is not part of the bankruptcy estate. Appellee contends that the bankruptcy court’s actions were within its discretion. We do not reach these issues because we find that the appeal is moot.
 
 [1]
 

 
 *1056
 
 In order to protect those who purchase property from a bankrupt estate, the Bankruptcy Code provides that once a sale is approved by the bankruptcy court and consummated by the parties, the bankruptcy court’s authorization of the sale cannot be effectively altered on appeal. Section 363(m) of the Code states:
 

 The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not effect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.
 

 11 U.S.C. § 363(m). Because this provision prevents an appellate court from granting effective relief if a sale is not stayed, the failure to obtain a stay renders the appeal moot.
 
 See In re Bleaufontaine,
 
 634 F.2d 1383, 1389-90 (5th Cir. Unit B 1981);
 
 In re Vetter Corp.,
 
 724 F.2d 52, 55-56 (7th Cir.1983).
 

 Appellant failed to obtain a stay as required under section 363(m). The bankruptcy court’s approval was issued, the assets were transferred, and the sale was completed. Thus, under section 363(m), the validity of the sale cannot be altered on appeal. This renders the appeal in this court, as well as the initial appeal to the district court, moot.
 

 While the bankruptcy court did not explicitly state that the authorization was pursuant to section 363, there is no other provision under which the court could have been acting. Indeed, appellant argues that the bankruptcy court treated the approval as one for a sale of bankruptcy estate property. Thus, whether or not the approval was appropriately characterized as an authorization under section 363, it is clear that it was treated as such. This is all that is needed in order to trigger the stay requirement.
 
 See In re Sax,
 
 796 F.2d 994, 997-98 (7th Cir.1986).
 

 Appellant raises two objections to the conclusion that its failure to obtain a stay as required by section 363(m) renders the appeal moot. First, appellant argues that the stay requirement does not apply to a purchaser who challenges the authorization. This argument is without merit. There is nothing in the language of section 363(m) to suggest that such an exception exists. Rather, the language states a flat rule governing all appeals of section 363 authorizations.
 

 Appellant’s second objection is that it does not seek to affect the validity of the sale, but only to obtain a refund of a portion of the sale price. This objection also fails. One cannot challenge the validity of a central element of a purchase, the sale price, without challenging the validity of the sale itself. We fail to see how this court could order a $5 million refund to the purchaser without affecting the validity of the sale.
 

 For the foregoing reasons, the appeal is DISMISSED.
 

 [1]
 

 . While we do not reach the issue of whether the bankruptcy court’s actions were valid, we note that reopening the bidding after the highest bidder has spent considerable time and money negotiating a contract could chill future interest in purchasing bankruptcy estate property.
 
 See e.g., In re Northern Star Industries, Inc.,
 
 38 B.R. 1019, 1022 (E.D.N.Y.1984). This undesirable result should be risked only after carefully weigh
 
 *1056
 
 ing the benefits to the estate in question against the potential harm to other estates.