**PITTSBURGH FOOD & BEVERAGE, INC., Appellant**

v.

**Lawrence F. RANALLO, Trustee for the estate of Pittsburgh Food & Beverage, Inc.; Integra Business Credit Company; Pitney Bowes Credit Corporation; Commonwealth of Pennsylvania Department of Revenue; Commonwealth of Pennsylvania Department of Labor & Industry; Emery Worldwide; American Flint Glass Workers Union; Kathryn O'Brien; Helen B. Schachte, Tax Collector for Mt. Pleasant Township, Pennsylvania and the Mt. Pleasant Area School District; Mt. Pleasant Township, Pennsylvania; Mt. Pleasant Area School District; Westmoreland County Tax Claim Bureau; Fayette Bank; Ford Motor Credit Co.**

Nos. 95–3633, 95–3634.

United States Court of Appeals, Third Circuit.

Submitted under Third Circuit LAR 34.1(a) April 14, 1997.

Decided May 1, 1997.

Gary W. Short, Phillip S. Simon, Pittsburgh, PA, for Appellant.

Robert G. Sable, Thomas M. Ferguson, Sable, Makoroff & Gusky, Pittsburgh, PA, for appellee, Lawrence F. Ranallo.

Morris D. Weiss, Weil, Gotshal & Manges, Miami, FL, for appellee American Glass, Inc.

Before: GREENBERG, ALITO, and SEITZ, Circuit Judges.

## OPINION OF THE COURT

GREENBERG, Circuit Judge.

### I. FACTUAL AND PROCEDURAL HISTORY

Appellant, Pittsburgh Food and Beverage, Inc. ("PFB"), appeals from two orders of the district court dismissing its appeal from a bankruptcy court order that approved a sale of assets of PFB's wholly owned subsidiary L.E. Smith Glass Company ("Smith") to American Glass, Inc. ("American"). American and the trustee of PFB, Lawrence Ranallo, are the appellees.

On February 20, 1995, creditors of PFB filed an involuntary bankruptcy petition seeking relief under Chapter 11 of the Bankruptcy Code against PFB. The bankruptcy court entered an order for relief against PFB on February 27, 1995, and on March 24, 1995, it appointed Ranallo trustee of PFB's bankruptcy estate. On July 8, 1995, Ranallo petitioned the bankruptcy court for approval of the sale of Smith's assets free and clear of all liens under 11 U.S.C. § 363(b). PFB, acting through its own attorney who was independent of the trustee and apparently represented its prior management, objected to the sale, but at a hearing on July 25, 1995, the bankruptcy court approved the sale to American for $5,725,000, a price which included an assumption of $3,508,190 of Smith's liabilities.

At the end of the hearing on July 25, 1995, PFB made an unsuccessful oral motion to the bankruptcy court for a stay of the order approving the sale pending appeal. On August 4, 1995, PFB appealed to the district court from the order approving the sale. PFB then requested a stay of the sale from the district court, but on August 14, 1995, the district court, after hearing argument, denied the motion. Then, on that same day, the sale of Smith's assets to American Glass closed. PFB has not appealed the denial of the stay by the district court.

In view of the closing of the sale, American and Ranallo filed motions in the district court to dismiss PFB's appeal on the grounds that the appeal was moot under 11 U.S.C. § 363(m) by virtue of PFB's inability to obtain a stay of the order approving the sale.

Section 363(m) provides that a reversal or modification of an order approving a sale under section 363(b) "does not affect the validity of [the] sale ... under such authorization to an entity that purchased ... such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale were stayed pending appeal." In two orders issued on October 16 and 17, 1995, the district court granted the motions and dismissed PFB's appeal. On November 15, 1995, PFB filed this appeal seeking a reversal of the orders of the district court dismissing the appeal and a remand to that court for consideration of the merits of PFB's appeal.

The bankruptcy court had jurisdiction under 28 U.S.C. § 157(b)(2)(N), and the district court had jurisdiction under 28 U.S.C. § 158(a). We have jurisdiction under 28 U.S.C. § 158(d) and exercise plenary review over the district court orders. *See In re Continental Airlines*, 91 F.3d 553, 557 (3d Cir.1996) (in banc), *cert. denied*, — U.S. ——, 117 S.Ct. 686, 136 L.Ed.2d 610 (1997); *In re Swedeland Dev. Group, Inc.*, 16 F.3d 552, 559 (3d Cir.1994) (in banc).

## II. DISCUSSION

PFB argues that its appeal to the district court was not moot, contending that Smith's assets were not property of the bankruptcy estate so that the Bankruptcy Code provisions governing sales of property of an estate and appeals from orders approving such sales are inapplicable in this case. PFB also claims that because Smith's assets were not property of the bankruptcy estate, the bankruptcy court did not have jurisdiction over the sale, so its order approving the sale was void and thus was not insulated from review in the district court. Finally, PFB contends that consummation of the sale did not render its appeal moot for, in its view, notwithstanding section 363(m) if the district court reversed the order approving the sale it could have granted PFB meaningful relief.

Ranallo first responds that Smith's assets were property of the bankruptcy estate. He argues, however, that we need not decide whether he is correct on this point because under section 363(m) PFB's inability to obtain a stay of the order approving the sale rendered the appeal to the district court moot even though PFB predicated the appeal on jurisdictional grounds. Ranallo also argues that the district court could not have granted effective relief even if PFB's appeal had been successful.

American contends that the appeal to the district court of the order approving the sale was moot under section 363(m). American, like Ranallo, argues that Smith's assets were property of the bankruptcy estate, and it also claims that we need not consider PFB's argument to the contrary because PFB did not obtain a stay pending appeal. Finally, American argues that section 363(m) does not require a finding that effective relief cannot be granted before an appeal properly may be dismissed. Rather, American contends that section 363(m) sets forth the only requirements for dismissal of the appeal: *i.e.*, that the bankruptcy court authorized the sale under section 363(b); the sale was proposed in good faith and made to a good faith purchaser; and the order approving the sale was not stayed pending appeal. American asserts that these criteria have been satisfied and thus section 363(m) bars appellate review of the bankruptcy court's order approving the sale. Alternatively, American contends that the appeal to the district court was moot because the district court could not have granted effective relief to PFB inasmuch as American and Ranallo consummated the sale during the pendency of the appeal.

Section 363(b)(1) provides that the "trustee, after notice and a hearing, may ... sell ... other than in the ordinary course of business, property of the estate." We reiterate that section 363(m) then provides that "[t]he reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale ... of property does not affect the validity of a sale ... under such authorization to an entity that purchased ... such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale ... were stayed pending appeal." We have explained that section 363(m) fosters the "policy of not only affording finality to the judgment of the bankrupt-

cy court, but particularly to give finality to those orders and judgments upon which third parties rely." *In re Abbotts Dairies of Pennsylvania, Inc.,* 788 F.2d 143, 147 (3d Cir. 1986) (internal quotation marks and citation omitted).

We also have recognized that section 363(m) is one of only two provisions in the Bankruptcy Code explicitly requiring a stay of a bankruptcy court order pending appeal. *See, e.g., In re Joshua Slocum Ltd.,* 922 F.2d 1081, 1085 (3d Cir.1990); *In re Highway Truck Drivers & Helpers Local Union 107,* 888 F.2d 293, 297 (3d Cir.1989). In *Highway Truck Drivers* we noted, however, that the absence of such a requirement in a code section would not necessarily relieve appellants of the burden to obtain stays because "in the context of bankruptcy proceedings ... '[g]enerally, an appeal will be dismissed as moot when events occur during the pendency of the appeal which prevent the appellate court from granting any effective relief.'" *Id.* at 297 (citations omitted). Many bankruptcy proceedings, particularly those involving operating businesses, are likely to include such events. *Cf. Swedeland,* 16 F.3d at 556 ("Not surprisingly, in the fluid situation presented by the ongoing construction of a major real estate project, events moved rapidly in the bankruptcy court.").

We seem not to have addressed conclusively in any published opinion the immediate consequences of an appellant's failure to obtain a stay of an order approving a sale on an appeal of that order. We, recently, however, addressed the other code provision which requires a stay pending appeal of a bankruptcy order: 11 U.S.C. § 364(e), which relates to appeals from orders creating liens with preferential position or authorizing debt against the bankruptcy estate under 11 U.S.C. § 364(d). *In re Swedeland Dev. Group, Inc.,* 16 F.3d 552. Section 364(e) provides:

The reversal or modification on appeal of an authorization under [section 364] to obtain credit or incur debt, or of a grant under [section 364] of a priority or a lien, does not affect the validity of any debt so incurred, or any priority or lien so granted, to an entity that extended such credit in

good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and the incurring of such debt, or the granting of such priority or lien, were stayed pending appeal.

In *Swedeland* we held that section 364(e), by its terms, does not require dismissal of an appeal if the appellant does not obtain a stay. *Id.* at 559. We explained that section 364(e) "does not preclude a court from reversing an authorization absent a stay. What it limits is the effect of a reversal." *Id.* at 562 (footnote omitted). We found that the statute contemplated that the appeal might go forward in the absence of a stay for, as we explained, "how ... can [there] be a 'reversal or modification' of an order, if the appeal from the order has been dismissed." *Id.* at 559. Thus, we looked beyond section 364(e) to determine whether the appeal in *Swedeland* was moot, and in doing so we examined cases, principally Church of Scientology v. United States, 506 U.S. 9, 113 S.Ct. 447, 121 L.Ed.2d 313 (1992), holding that appeals should not be dismissed as moot unless the court cannot grant any relief upon a reversal or modification of the order appealed. *Swedeland,* 16 F.3d at 559–60.

*Swedeland* is significant here because the language of section 363(m) with respect to a stay pending appeal is almost identical to that in section 364(e). Accordingly, we could apply *Swedeland* and hold that section 363(m) does not in itself require dismissal of an appeal where a stay is not obtained. Such a conclusion would require us to consider whether, in accordance with general principles of mootness pending appeal, the district court could have granted any effective relief if it modified or reversed the order approving the sale. However, *Swedeland*'s possible application in this case may be somewhat circumscribed. In *Swedeland* we noted that an analogy to section 363(m) in a case involving section 364(e) was "not particularly helpful because a consideration of whether a successful appellant can be granted effective relief upon the reversal of an order depends on the circumstances in each case." *Id.* at 560 n. 6. In particular, we explained that there were significant differences between a consummated sale and an executory lien: "Obviously it

might be more difficult to fashion effective relief in the case of a completed and unassailable sale or lease of a property than in a case involving a loan in which the transaction is partially executory." *Id.*

■ We need not decide, however, whether we should construe section 363(m) as we construed section 364(e) in *Swedeland* because the outcome of this case would not differ whether we read section 363(m) to mandate dismissal based solely on PFB's failure to obtain a stay barring the closing of the sale or to require dismissal only because the district court could not have granted effective relief without affecting the validity of the sale. Clearly, an appeal which is moot under the second formulation, *i.e.*, a *Swedeland*-type analysis, also would be moot under a reading of section 363(m) requiring the dismissal of the appeal merely because the appellant did not obtain a stay pending appeal. Thus, we proceed here as we did in *Swedeland* inasmuch as our conclusion that the appeal was moot because the district court could not grant effective relief requires that we affirm its orders of dismissal.[1]

With the foregoing considerations in mind, we reiterate the parties' positions. PFB makes the following specific suggestions as to what relief the court could grant if the sale cannot be undone. It contends that the bankruptcy court, presumably on remand from the district court, can determine whether: (1) "the Trustee and American knew that the Bankruptcy Court did not have authority to sell these assets"; (2) "the Trustee's conduct depressed the value of the estate's interest in [American]"; (3) "the sale procedure discouraged significant offers and additional bidding"; and (4) "the value of the estate's interest in [American], if retained as a going concern under a confirmed plan, was substantially greater than the value received by the Debtor's estate through this sale." Br. at 18–19. PFB then indicates that, if warranted, the court could "fashion an appropriate equitable remedy." Br. at 19. This equitable remedy would require Ranallo or American "to reimburse [PFB] for the loss caused by their participation in the sale process." *Id.*

In response, Ranallo argues that there is no relief that could be granted and that PFB has not presented any evidence of how its requested relief could be quantified or effected. American responds to PFB's argument by pointing out that during the sale transaction American wire transferred more than $2.1 million to Ranallo; Smith conveyed its property to American by bill of sale and special warranty deed; and American assumed Smith's liabilities in excess of $3.5 million. Then, because of the debt assumptions, some of Smith's secured and unsecured creditors released Smith from certain liabilities. Additionally, third parties have extended credit to American. American argues that any relief granted would affect many third parties, and might do serious injustice to them. Finally, American contends that any relief awarded in effect would modify a term of the sale of assets (*e.g.*, if American "reimbursed" PFB, it would be paying a higher than agreed upon sale price) in violation of section 363(m). *See, e.g., In re The Charter Co.*, 829 F.2d 1054, 1056 (11th Cir. 1987) ("One cannot challenge the validity of a central element of a purchase, the sale price, without challenging the validity of the sale itself.").

We agree with Ranallo and American. PFB in making its suggestions does not accommodate the fact that section 363(m) does not say that absent a stay the reversal or modification of an order authorizing a sale

---

1. In *In re Continental Airlines*, 91 F.3d 553, we recently addressed the doctrine of equitable mootness in the bankruptcy context; this doctrine permits dismissal of an appeal " 'when, even though effective relief could conceivably be fashioned, implementation of that relief would be inequitable.' " *Id.* at 559 (citation omitted). Obviously, equitable mootness is broader than mootness under a *Swedeland* analysis, and thus we need not consider *Continental Airlines* here. In this case we are concerned with mootness predicated on the statutory and prudential considerations of whether it is possible to grant relief as opposed to equitable considerations of the type involved in *Continental Airlines*. Thus, while *Continental Airlines* speaks of "prudential," "considerations," "reasons," or "factors" leading to a finding of mootness, *id.* at 559–60, "prudential" in that context relates to equitable mootness rather than mootness predicated on a court's inability to grant relief.

cannot lead to the nullification of a sale. Instead, section 363(m) provides that without a stay the reversal or modification "does not affect the validity" of the sale. Plainly, a finding against Ranallo as the trustee or American as the buyer on any of the inquiries that PFB proposes the bankruptcy court undertake ultimately leading to the imposition of the "equitable remedy" PFB seeks, though not nullifying the sale would affect its validity, as the inquiries all seek to demonstrate that the sale was flawed. For example, what would be the purpose in an appeal from an order approving a sale of a finding that Ranallo and American "knew that the Bankruptcy Court did not have authority to sell" Smith's assets other than to affect the validity of the sale? Furthermore, if the bankruptcy court, on remand from the district court, required Ranallo or American to pay PFB additional money, as PFB suggests that it could do, surely the court's order would affect the validity of the sale because the order would be founded on a holding that the sale price was inadequate. Thus, the appeal to the district court was moot.

PFB's argument that the bankruptcy court did not have jurisdiction over Smith's assets does not undermine our conclusion because section 363(m) does not distinguish between a challenge to an order approving a sale predicated on jurisdictional grounds and a challenge based on other grounds. We recognize that it might be claimed that a bankruptcy court usurped power so that even absent a stay, notwithstanding section 363(m), an order reversing an order approving a sale permissibly could affect the validity of the sale of assets. Such a case in theory could arise if the bankruptcy court approved the sale of assets not even colorably within its jurisdiction. But we are not concerned with that possibility as the bankruptcy court, at least arguably, had jurisdiction over Smith's assets which PFB indirectly owned through its ownership of Smith. Thus, we have no occasion to consider whether the bankruptcy court acted appropriately when it reached through Smith's corporate structure to approve a sale of its assets.

Opinions of other courts of appeals support our result. The Court of Appeals for the Seventh Circuit, in a case directly on point, has explained that "an appeal of a bankruptcy sale is moot if the stay required by [section] 363(m) is not obtained." *In re Sax,* 796 F.2d 994, 997 (7th Cir.1986) (footnotes and citations omitted). In *Sax,* the appellant, an entity with a claim on the debtor's yacht, challenged the sale of the yacht to another entity. The appellant argued that the yacht was not part of the debtor's estate so that its sale was not authorized under section 363(b). Therefore, according to the appellant, the bankruptcy court lacked the subject matter jurisdiction necessary to authorize the sale so section 363(m) did not apply. The court of appeals refused to address this jurisdictional argument, explaining that: "In the case of a bankruptcy sale, the failure to obtain a stay of the sale, pending appeal, allows the sale to be completed, thus preventing an appellate court from granting relief and thereby rendering the appeal moot." *Id.* at 997 (citation and internal quotation marks omitted).

Addressing the appellant's argument in *Sax* that the yacht was not property of the debtor's estate, the court indicated that appellant:

misses the point. Section 363(m) does not say that the sale must be *proper* under § 363(b); it says the sale must be *authorized* under § 363(b). There is no doubt that when the bankruptcy court authorized the sale and ordered that the Yacht be turned over to the purchaser, it was acting under § 363(b). At this juncture, it matters not whether the authorization was correct or incorrect. The point is that the proper procedures must be followed to challenge an authorization under § 363(b). As stated earlier, § 363(m) and the cases interpreting it have clearly held that a stay is necessary to challenge a bankruptcy sale authorized under § 363(b).

*Id.* at 997–98 (footnote omitted).

The court went on to explain that appellant "essentially has asked us to create an exception such that a stay is required to challenge a § 363(b) authorized sale *except* when the appellant argues that the property did not belong to the debtor's estate. To create such an exception would seriously undermine the purpose of § 363(m) and could destroy the

rule altogether." *Id.* at 998; see also In re CGI *Indus., Inc.,* 27 F.3d 296, 299 (7th Cir. 1994).

The Court of Appeals for the Fifth Circuit also has considered a jurisdictional argument similar to that raised by PFB. In *In re Gilchrist,* 891 F.2d 559 (5th Cir.1990), the appellant appealed from an order of the district court dismissing as moot its appeal from the order of the bankruptcy court denying his motion for a new trial. The bankruptcy court initially had entered an order approving the sale of certain assets; the debtor neither appealed the order nor obtained a stay pending appeal. Two years later the debtor filed a motion for reconsideration, which the bankruptcy court denied. The debtor then appealed to the district court. The district court dismissed the appeal as moot under section 363(m).

The court of appeals affirmed the dismissal, explaining: "Section 363(m) patently protects, from later modification on appeal, an authorized sale where the purchaser acted in good faith and the sale was not stayed pending appeal. We have interpreted this section to moot an appeal in the absence of a stay." *Id.* at 560 (citation and footnote omitted). The court of appeals rejected the debtor's argument that section 363(m) should not apply because the bankruptcy court did not have jurisdiction over the sale:

> We pretermit the jurisdictional question because [the debtor] failed properly to obtain a stay or to attack the validity of the sale for more than two years after that sale occurred.... [The debtor's] failure to obtain a stay is fatal to his position, regardless of whether there was jurisdiction; he forfeited the opportunity to contest jurisdiction and cannot be heard to complain at this late date.

*Id.* at 561 (citing as support *In re Sax*). Similarly, PFB's argument attacking the jurisdiction of the bankruptcy court does not lead us to a different result than we would have reached if jurisdiction had not been an issue.

Other courts of appeals also have considered section 363(m) mootness and have concluded that a stay is required before a sale order can be challenged on appeal. *See*

*United States v. Salerno,* 932 F.2d 117, 122–23 (2d Cir.1991) (where sale order not stayed and sale consummated, appeal is moot); *In re Stadium Management Corp.,* 895 F.2d 845, 847 (1st Cir.1990) ("[E]ffect of [section] 363(m) is that 'when an order confirming a sale to a good faith purchaser is entered and a stay of that sale is not obtained, the sale becomes final and cannot be reversed on appeal....' Absent a stay, the court must dismiss a pending appeal as moot because the court has no remedy that it can fashion even if it would have determined the issues differently.") (citations omitted); *In re The Charter Co.,* 829 F.2d at 1056 ("Because [section 363(m)] prevents an appellate court from granting effective relief if a sale is not stayed, the failure to obtain a stay renders the appeal moot.") (citations omitted); *In re Magwood,* 785 F.2d 1077, 1080 (D.C.Cir.1986) (under section 363(m), where no stay has been obtained, court cannot reverse sale of property to good faith purchaser); see also In re District 65, United Auto. *Aerospace and Agric. Implement Workers of America,* 184 B.R. 196, 200 (S.D.N.Y.1995) (Appeal is moot and "the court must dismiss the appeal of a sale once it has been consummated because there is no remedy that it can fashion even if it would have determined the issues differently.") (citation omitted); In re Vista Del Mar Assoc., Inc., 181 B.R. 422, 424 (B.A.P. 9th Cir.1995) ("[W]hen an appellant fails to obtain a stay from an order that permits a sale of the debtor's asset, the appeal will be rendered moot regardless of whether the purchaser has taken irreversible steps following the sale.") (citation omitted). While these cases have not necessarily followed our methodology they support our result.

It is clear from section 363(m) and the case law that because of PFB's inability to obtain a stay of the bankruptcy court's order approving the sale of Smith's assets, the district court was unable to grant effective relief to PFB without affecting the validity of the sale. Thus, PFB's appeal to the district court was moot, and that court properly dismissed the appeal.

### III. CONCLUSION

The orders of October 16 and October 17, 1995, will be affirmed.