STAPLETON, J.,
concurring:
I would resolve this appeal by answering a single question: Does § 363(f) of the Bankruptcy Code authorize a sale of a debtor’s account receivable free and clear of any defenses arising from the performance or non-performance of the contract giving rise to the account receivable? Such defenses, properly characterized as rights of recoupment, are to be distinguished from rights of set-off, which consist of offsetting claims arising under contracts other than the one giving rise to the account receivable. There is no occasion here to address the issue of whether § 363(f) authorizes a sale of an account receivable free and clear of a right to a set-off.[1] DeMatteis concedes that under the Bankruptcy Code the sale extinguished any set-off right that was not exercised more than 90 days before the filing of the petition, see 11 U.S.C. § 553(b), and the District Court’s decision regarding rights of set-off can be upheld on the ground that DeMatteis has tendered no evidence of such an exercise.[2] Nor is there occasion *267 here to address the adequacy of the notice given by the trustee. Concluding, as I do, that § 363(f) does not authorize a sale free and clear of rights of recoupment, the judgment of the District Court must be reversed without regard to the sufficiency of the notice.
Section 363(f) authorizes the trustee, under specific circumstances, to sell property of the estate “free and clear of any interest in such property.” 11 U.S.C. § 363(f). Here, the property of the estate that was sold was accounts receivable, and, accordingly, the issue for decision is whether defenses arising out of the performance or non-performance of the contract giving rise to the account receivable are “interest[s] in such property.”
“Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding.” Butner v. United States, 440 U.S. 48, 54, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979); Integrated Solutions, Inc. v. Service Support Specialties, Inc., 124 F.3d 487, 492 (3d Cir.1997). Under Pennsylvania law, the Uniform Commercial Code (U.C.C.) — Secured Transactions (Chapter 9) governs “any sale of accounts or chattel paper.” 13 Pa. Cons.Stat. § 9102(a)(2). “Account” is defined as “any right to payment for goods sold or leased or for services rendered which is not evidenced by an instrument or chattel paper, whether or not it has been earned by performance.” 13 Pa. Cons.Stat. § 9106. The Code is consistent with this concept of an account receivable. It defines a “receivable” as a “right to payment, whether or not such right has been earned by performance.” 11 U.S.C. § 547(a)(3).
Thus, for present purposes, an account receivable is a right to payment which arises upon the inception of the contract at a point when no performance has been rendered and no payment earned. This understanding of a receivable is inconsistent with the notion that defenses arising from the performance or non-performance of the contract giving rise to it are “interests in” the receivable. A recoupment defense simply does not constitute an interest in the right to payment under the contract. Rather, it serves only to define and limit that right. See 5 Collier on Bankruptcy § 553.10 (explaining that “re-coupment applies to define the obligation in question”).
Moreover, to construe § 363(f) to authorize a sale of a receivable that would strip defenses based on performance would run counter to the “fundamental principle[of the Code] that the estate succeeds only to the nature and rights of the property interest that the debtor possessed pre-petition,” Integrated Solutions, Inc., 124 F.3d at 495, and that the estate should not receive a “windfall merely by reason of the happenstance of bankruptcy.” Butner, 440 U.S. at 55, 99 S.Ct. 914. Prior to bankruptcy, Bayley and FAC held rights to payment that may or may not have been earned. If the “free and clear” sale had extinguished defenses arising from the debtor’s performance, a fundamental transformation in the nature of the debt- or’s property would have occurred with a resulting windfall to the estate. While Bayley and FAC on the filing date held only rights to payment subject to the terms of the contracts, the estate would have been able to sell the equivalent of negotiable instruments.
Because I find in § 363(f) and the remainder of the Code no evidence of a congressional intent to authorize such a windfall and because a recoupment defense *268 is in no sense an interest in the right to payment, I too would reverse the judgment of the District Court and remand for further proceedings.

. The effect of a § 363(f) "free and clear” sale on set-off rights is a fundamentally different issue than the effect of such a sale on recoupment rights. The Bankruptcy Code expressly preempts some state laws regarding set-offs. See 11 U.S.C. §§ 363(f), 506(a), 553. Moreover, set-offs, which do not relate to the performance of the contract giving rise to the account receivable, do not operate to define the property sold in the same way that a right to recoupment does. See 11 U.S.C. § 547(a)(3); 13 Pa. Cons.Stat. § 9106. Instead, "[sjetoff allows adjustments of mutual debts arising out of separate transactions between the parties.” In re Harmon, 188 B.R. 421, 425 (9th Cir. BAP 1995) (emphasis added); accord Lee v. Schweiker, 739 F.2d 870, 875 (3d Cir.1984). This is an important distinction because it follows that a person asserting a set-off, including even a previously exercised set-off, against an account receivable that the Bankruptcy Court purported to sell "free and clear” is not interpreting the Court’s order to determine what in fact was sold, but rather is essentially challenging the Bankruptcy Court’s authority to approve the sale of property that was not part of the bankrupt's estate. Such an argument may well be barred by § 363(m), which provides that reversal on appeal of an authorization under § 363 does not affect the validity of the sale to a good faith purchaser. See 11 U.S.C. § 363(m); see also In re Sax, 796 F.2d 994, 997-98 (7th Cir.1986) (holding that failure to obtain the stay required by § 363(m) moots question of whether bankruptcy court lacked authority to sell property that did not belong to the debtor’s estate). I do not address this issue, nor the related question of whether despite § 363(m), sale of an exercised set-off may be challenged on notice grounds, but simply note that set-offs present issues not implicated by rights of recoupment.

. In response to Folger’s motion for summary judgment, DeMatteis had the burden of either coming forward with evidence that would support a judgment in its favor, i.e. evidence that its set-offs were exercised more than ninety days prior to the bankruptcy petition, or filing a Rule 56(f) affidavit specifying that discovery was necessary to secure a basis for a defense. See Fed. R. Civ. Proc. 56. DeMat-teis did neither. "[Ujnder Pennsylvania law, a setoff is accomplished when a creditor gives 'sufficient evidence of intent' to make a set-off.” IRS v. Norton, 717 F.2d 767, 772 (3d Cir.1983). While there is evidence that De-Matteis expressed dissatisfaction with Bayley and FAC's performance on each of the various contracts at various times more than ninety days prior to the bankruptcy petition, and, indeed, that it canceled its orders and refused to make further payments, this is evi *267 dence only of an intent to exercise its rights of recoupment. There is no evidence that De-Matteis expressed any intention to set-off its rights under one contract against its liabilities under another. Indeed, the notice that was given to Bayley and FAC that DeMatteis was refusing to make further payments on the contracts at issue here referred only to Bayley and FAC's breach of those contracts; it made no mention of any other contracts.