[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-11052
Non-Argument Calendar

_____

D.C. Docket Nos. 8:12-cv-01053-VMC; 8:01-bk-09988-MGW

In Re: TERRI L. STEFFEN                                        Debtor.

_____

TERRI L. STEFFEN,

                                                                     Plaintiff-Appellant,

versus

DOUGLAS N. MENCHISE,
Chapter 7 Trustee,

                                                                     Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 16, 2014)

Before HULL, MARCUS and JORDAN, Circuit Judges.

PER CURIAM:

Terri Steffen, appearing *pro se*, appeals the district court's order dismissing as moot her appeal of a bankruptcy court order approving the sale of real property pursuant to 11 U.S.C. § 363. Ms. Steffen also appeals the district court's denial of her motion to reconsider the dismissal order. After careful review, we affirm the district court's ruling that the appeal is moot because Ms. Steffen failed to obtain a stay of the sale as required under 11 U.S.C. § 363(m).

## I. Background

This case has a long and complex procedural history involving many appeals. The facts relevant to this appeal are as follows.

Ms. Steffen owned property at 16634 Sedona de Avila, in Tampa, Florida. The property was part of the Chapter 7 bankruptcy estate. Following a long legal battle,[1] the bankruptcy court issued a written order on February 6, 2012,

---

[1] In 2001, Ms. Steffen filed for bankruptcy relief under Chapter 11. In 2008, the bankruptcy court converted the case from a Chapter 11 reorganization to a Chapter 7 liquidation. At that time, Ms. Steffen owned real property at 16634 Sedona de Avila, in Tampa, Florida ("Sedona Property"), which she had purchased with cash proceeds from the sale of real property at 16229 Villareal de Avila, in Tampa, Florida ("Villareal Property"). Ms. Steffen attempted to claim the Sedona Property as exempt from her Chapter 7 estate under the homestead exemption. But the bankruptcy court ruled that the Villareal Property did not fall under the exemption because it was owned by a non-natural person (an entity in which Ms. Steffen had an ownership interest) and that therefore the proceeds of the sale – and the Sedona Property purchased with those proceeds – were nonexempt.

The district court affirmed the bankruptcy court's ruling on the homestead issue, and Ms. Steffen appealed to this Court. Amidst some "unusual circumstances" that form the object of a separate appeal, she voluntarily dismissed that appeal. Bank. D.E. 1511 at 42. On October 27, 2010, after she made an unsuccessful attempt to dismiss her bankruptcy case, the bankruptcy court ordered her ejectment from the Sedona Property and authorized the trustee to sell, lease, or use the property. The trustee marketed the property, negotiated a sale contract with a buyer, and filed an expedited motion for approval of sale of real property on January 12, 2012. The

2

authorizing the trustee to sell the property in accordance with a sale contract that the trustee had negotiated with a buyer. The sale contract provided for a closing date of February 10, 2012. Bank. D.E. 370, Exh. 1 at 1.[2] The trustee and buyer consummated the sale two days early – on February 8, 2012 – apparently at the request of the buyer. On February 14, 2012, Ms. Steffen moved the bankruptcy court for a stay pending appeal, which the bankruptcy court orally denied at a hearing on February 21, 2012 (confirming this ruling in a written order issued on April 5, 2012).

Ms. Steffen appealed to the district court, and the trustee moved to dismiss the appeal as moot. On December 7, 2012, the district court ordered Ms. Steffen to respond to the motion to dismiss by December 17, 2012. Ms. Steffen failed to file a timely response, apparently because her counsel, a sole practitioner, was involved in a criminal trial during this time. On December 18, 2012, the district court dismissed the appeal on the grounds that § 363(m) prevents an appellate court from granting relief if the bankruptcy court has not issued a stay. Ms. Steffen filed a

bankruptcy court held a hearing on February 2, 2012 and orally granted the motion over Ms. Steffen's objection. Four days later, on February 6, 2012, the bankruptcy court issued a written order approving the sale and authorizing the trustee to "sell the Property . . . in accordance with the contract." Bank. D.E. 1370 at § 2.

[2] The trustee's expedited motion for approval of sale of real property listed the closing date as February 20, 2012 (which Ms. Steffen cites as the closing date in her brief). This apparently was a "scrivener's error." Appellee's Br. at 7, n. 6. The sale contract (which the trustee attached to its expedited motion) listed the closing date as February 10, 2012. The numbers are admittedly difficult to read, but on close inspection, the date in fact appears to be February 10, 2012. We will treat this as the date of closing authorized by the bankruptcy court, but our holding ultimately will not depend on this fact.

3

motion for reconsideration, which the district court denied by written order on February 7, 2013.

Here, Ms. Steffen argues that her appeal is not moot even though she did not obtain a stay of the sale. Specifically, she argues that the bankruptcy court's denial of her motion for stay was "illusory" because the trustee had already sold the property when the motion was filed and thus violated Fed. R. Bankr. P. 6004(h), which provides for an automatic 14-day stay period following "[a]n order authorizing the use, sale, or lease of property other than cash collateral." She also argues that the district court abused its discretion by expediting the deadline for her to respond to the trustee's motion to dismiss and by applying the heightened Rule 59(e) standard in deciding her motion for reconsideration knowing that her counsel was unable to respond to the expedited deadline to respond to the trustee's motion to dismiss.

## II. Discussion

In an appeal from a district court's decision in a bankruptcy case, we sit as a second court of review and examine independently the factual and legal determinations of the bankruptcy court based on the same standards of review as the district court. *Finova Capital Corp. v. Larson Pharmacy Inc. (In re Optical Technologies, Inc.)*, 425 F.3d 1294, 1299-1300 (11th Cir. 2005). Generally, we review *de novo* legal conclusions by either the bankruptcy court or the district

court. *Id.* When the issue raises a question as to the interpretation of a Federal Rule of Bankruptcy Procedure, we apply a plenary standard of review. *In re Chase & Sanborn Corp.*, 904 F.2d 588, 593 (11th Cir. 1990). We review for abuse of discretion a district court order denying a motion for reconsideration. *See Lockard v. Equifax, Inc.*, 163 F.3d 1259, 1267 (11th Cir. 1998).

We have articulated "a flat rule governing all appeals of section 363 authorizations," namely that "[b]ecause this provision prevents an appellate court from granting effective relief if a sale is not stayed, the failure to obtain a stay renders the appeal moot." *See In re The Charter Co.* 829 F.2d 1054, 1056 (11th Cir. 1987). There is no exception to this rule where the debtor sought a stay pending appeal but was denied. The plain language of § 363(m) states that an appellate court order cannot invalidate a sale that the bankruptcy court authorized "unless such authorization and such sale . . . were stayed pending appeal" (not "unless the debtor attempted to obtain a stay pending appeal").[3]

We conclude that Ms. Steffen's appeal is moot because she did not obtain a stay pending appeal. The fact that she filed a motion for stay that the bankruptcy court rejected does not change this result. In *In re The Charter Co.*, the debtor

---

[3] *See also In re Baker*, 339 B.R. 298, 303 (E.D.N.Y. 2005) ("This rule applies even when the debtor has sought a stay, but the stay has been denied. . . . Moreover, this rule applies even where the debtor believes the sale has been wrongly authorized. . . . Section 363(m) does not say that the sale must be *proper* under § 363(b); it says that the sale must be *authorized* under § 363(b). . . . [I]t matters not whether the authorization was correct or incorrect.") (quotations marks omitted).

argued that the stay requirement does not apply to a purchaser who challenges the bankruptcy court's authorization, and we concluded that "[t]here is nothing in the language of § 363(m) to suggest that such an exception exists." 829 F.2d at 1056. Similarly here, there is no exception where the bankruptcy court denies the debtor's motion for stay.

There is also no exception where the trustee has sold the property before the 14-day automatic stay period provided by Fed. R. Bankr. P. 6004(h) expires. First, the 14-day stay applies "unless the court orders otherwise." Fed. R. Bankr. P. 6004(h). *See also* Fed.R.Bankr.P. 6004, Advisory Committee Note (1999) ("The court may, in its discretion, order that [Rule 6004(h)] is not applicable so that the property may be used, sold, or leased immediately in accordance with the order entered by the court."). Here, by authorizing a closing date that was four days after it entered its sale order,[4] the bankruptcy court curtailed the 14-day stay period, such that it arguably did not apply at all. Second, and more importantly, Ms. Steffen was able to file a motion for stay within the 14-day period, and the bankruptcy court addressed the merits of that motion in depth. Ms. Steffen suffered no prejudice from the early closing because she received what Rule 6004(h) was designed to provide: "sufficient time for a party to request a stay pending appeal of

_____

[4] On February 6, 2012, the bankruptcy court issued a written order authorizing the trustee to sell the property in accordance with the sale contract. The sale contract in turn provided for a closing date of February 10, 2012 – four days after the sale order was issued. The trustee sold the property still sooner, however, on February 8, 2012 – two days after the sale order was issued.

an order authorizing the use, sale, or lease of property under § 363(b)." Fed.R.Bankr.P. 6004, Advisory Committee Note (1999). The fact that the closing had already occurred at the time the bankruptcy court considered the motion for stay is of no consequence because the district court could have invalidated the sale if Ms. Steffen had obtained a stay.[5] The trustee and the buyer thus "proceeded to a closing at their own peril" by closing before the sale order was final. *See In re Quanalyze Oil & Gas Corp.*, 250 B.R. 83, 88 (Bankr. W.D. Tex. 2000) (interpreting Rule 6004(h) in the context of a closing within the 14-day stay period). This gamble by the trustee did not affect Ms. Steffen's right under Rule 6004(h) to seek a stay – and if successful to seek reversal of the sale on appeal – and thus cannot be grounds for reversal.

We need not reach Ms. Steffen's second argument regarding the district court's expedited deadline to respond to the trustee's motion to dismiss. Based on the analysis above, we conclude that the district court properly dismissed the case as moot, even under the *de novo* standard of review that would apply if the district court had heard all of Ms. Steffen's arguments on a motion to dismiss rather than a motion for reconsideration.

---

[5] As the district court noted, Rule 6004(h) merely allows the debtor to file a motion for stay within the 14-day window; it does not require the bankruptcy court to decide the motion within that window. Thus, even if the trustee waits for the 14-day period to expire before selling the property, it is possible that the bankruptcy court will dispose of the motion after the sale has occurred (e.g., the sale could happen on day 15, and the bankruptcy court could decide the motion on day 20).

### III. Conclusion

The district court's orders dismissing Ms. Steffen's appeal as moot and denying Ms. Steffen's motion for reconsideration are affirmed.

**AFFIRMED.**