[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-12244

_____

D.C. Docket Nos. 2:12-cv-00585-JES; 9:06-bk-05685-FMD

In Re: BONITA B. PHILLIPS,
        JEFFREY S. PHILLIPS,

                                        Debtors.

_____

EPIC AVIATION, LLC,

                                        Plaintiff - Appellant,

versus

BONITA B. PHILLIPS,
JEFFREY S. PHILLIPS,

                                        Defendants - Appellees.

_____

No. 13-12357

_____

D.C. Docket Nos.  2:13-cv-00113-JES; 9:06-bk-05685-FMD

In Re: BONITA B. PHILLIPS,
     a.k.a. Bonnie B. Phillips,
     JEFFREY S. PHILLIPS,

                                             Debtors.

_____

EPIC AVIATION, LLC,

                                             Plaintiff - Appellant,

versus

BONITA B. PHILLIPS,
a.k.a. Bonnie B Phillips,
JEFFREY S. PHILLIPS,
DIANE L. JENSEN,
Chapter 7 Trustee,

                                             Defendants - Appellees.

_____

No. 13-12536
_____

D.C. Docket Nos.  2:12-cv-00669-JES; 9:06-bk-05685-FMD

In Re: BONITA B. PHILLIPS,
     JEFFREY S. PHILLIPS,

                                             Debtors.

_____

2

EPIC AVIATION,

                                        Plaintiff - Appellant,

versus

BONITA B. PHILLIPS,
JEFFREY S. PHILLIPS,

                                        Defendants - Appellees.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

(September 24, 2014)

Before HULL, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Epic Aviation, LLC (Epic) appeals the district court's consolidated appeal of three bankruptcy court orders. The first order granted Bonita B. Phillips and Jeffrey S. Phillips (Debtors) an extension of time to make a settlement payment (the Auction Order, No. 13-12244). The second order dissolved Epic's lis pendens on Debtors' home (the Lis Pendens Order, 13-12536). The third order authorized Debtors to sell their home free and clear of any interest held by Epic (the Sale Order, 13-12357).

3

Epic first appealed the bankruptcy court orders to the district court.  The district court affirmed the Auction Order and Lis Pendens Order, and vacated the Sale Order.

## I.  BACKGROUND

As the parties are familiar with the history of this case, we only briefly recount the relevant facts.  In May 2007, the Debtors entered into a Settlement Agreement with the bankruptcy Trustee providing, *inter alia*, that the Trustee would receive a lien on Debtors' home and $825,000 at the time of sale.   The Settlement Agreement did not set a payment deadline or prohibit the Trustee from selling her contract rights.  The bankruptcy court approved the Settlement Agreement on October 9, 2007.

On September 28, 2012, the Trustee auctioned her rights in the Settlement Agreement.  At the auction, Epic bid $825,000.  The Debtors then offered to pay off the original Settlement Agreement in full.  The Trustee told the Debtors to wire the money by October 2, 2012; otherwise, she would sell her rights in the Settlement Agreement to Epic.

On October 2, 2012, the Debtors moved for an extension of time to make the $825,000 payment.  The bankruptcy court issued an order a week later stating that if the Debtors failed to pay the full $825,000 by October 11, 2012, the Trustee would sell her Settlement Agreement rights to Epic.

## II.  DISCUSSION

### A.  *The Auction Order Appeal (No. 13-12244)*

We review for abuse of discretion a bankruptcy court's ruling on a motion for an extension of time.  *In re Coady*, 588 F.3d 1312, 1316 (11th Cir. 2009).  After reviewing the record, we find no abuse of discretion.  The Settlement Agreement contained no payment deadline, and the Debtors' motion for an extension of time was timely filed within the Trustee's 48-hour deadline.

To the extent Epic argues "[t]he Auction Order is a sale of assets order governed by Bankruptcy Code § 363[(b)]" (Appellant Br. 33) Epic's appeal is moot.  Epic failed to obtain a stay as required under § 363(m).  *In re The Charter Co.,* 829 F.2d 1054, 1056 (11th Cir. 1987).

### B.  *The Lis Pendens Appeal (No. 13-12536)*

In light of our affirmance of the bankruptcy court's discretion to grant an extension of time, the bankruptcy court did not abuse its discretion by dissolving Epic's lis pendens on the Debtors' home.

### C.  *The Sale Order Appeal (No. 13-12357)*

Epic's appeal of the Sale Order is moot.  The bankruptcy court granted the Sale Order.  Epic challenged, and the district court vacated, the Sale Order.  Now, even though Epic has already obtained the relief it desired, Epic appeals, arguing that the bankruptcy court erred by granting the Sale Order in the first instance.  In

essence, Epic is asking this Court to vacate an order that has already been vacated. There is no controversy here.  Thus, entertaining this appeal would amount to an "impermissible advisory opinion."  *Sierra Club v. E.P.A.*, 315 F.3d 1295, 1299 (11th Cir. 2002).

## III.  CONCLUSION

For the foregoing reasons, we affirm the district court's order affirming the Auction Order and the Lis Pendens Order.  We dismiss Epic's Sale Order Appeal as moot.

**AFFIRMED IN PART; DISMISSED IN PART.**